## Frost *v.* O'Kross.

*Malicious prosecution—Obtaining money by false pretense— Advice of counsel complete defense, when—Question for jury—Full disclosure of facts to public prosecutor—Charge to jury—Error proceedings—Reversals on weight of evidence—Reviewing court will not reverse judgment, when.*

1. Generally advice of counsel is complete defense to action for malicious prosecution, where prosecution was instituted in good faith on advice given after full statement of facts.
2. Where there was conflict in evidence as to whether defendant instituted prosecution of plaintiff after full statement of facts to counsel, only issue in error proceeding is whether judgment for plaintiff is against weight of evidence.
3. No reversal can be had because judgment is against weight of evidence, except as a matter of law.
4. When there is credible evidence in record to support judgment, reviewing court cannot disturb it, regardless of its opinion, unless record shows mistake, error, misapprehension, or grave injustice.
5. Where evidence conflicted as to whether there had been full submission of facts to counsel on question of obtaintaining money by false pretense, refusal to arrest case from jury, because prosecution was begun under advice of counsel, *held* not error.
6. Refusal to charge that advice of public prosecutor, honestly sought and received under fair disclosure, constituted good defense, *held* not error, where substance thereof was covered by charge given.

(Decided February 22, 1926.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Turney & Sipe,* for plaintiff in error.
*Messrs. Guthery, Guthery, Binyon & Williams,* for defendant in error.

SULLIVAN, J. This cause comes into this court on error from the court of common pleas of Cuyahoga county, wherein the parties stood in inverse order. The plaintiff, Mary O'Kross, recovered a judgment in the sum of $3,500 against the defendant, Edward J. Frost, as damages for malicious prosecution. The affidavit of arrest charged the obtaining of money or property by false pretense, and it is argued that the prosecution ought to have been under the statutes with respect to what is known as the Blue Sky Law, Section 6373-1 et seq., General Code. The defense to the malicious prosecution action was that the arrest was made in good faith, and upon the advice of counsel, and it is charged that the department of commerce, which has charge of blue sky matters, set the prosecution in motion. It is also claimed that counsel was taken of the attorney of the Better Business Commission and of others, and that under the advice and counsel of these different agencies the prosecution was pressed, without any malice, with the existence of probable cause, and in good faith.

The rule of law is well stated in the following citations:

"It is the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney's advice was unsound or erroneous will not affect the result. If the defense is worth anything to a party, it must be available when, through error of law as well as

of fact, his action has failed. The lawyer's error will not deprive his client of the defense.   *   *   * It is sometimes held that advice from a public prosecuting officer makes a stronger case, and that such advice would be a complete defense, when that of a private attorney would not." 18 Ruling Case Law, p. 45, Section 27.

"That a prosecution was begun or a civil suit instituted under advice of counsel is frequently referred to as a complete defense to an action for malicious prosecution. This rule has been held to apply although the facts stated to counsel did not warrant the advice given, or though the facts did not in law constitute a crime, or however mistaken or erroneous were the opinion expressed by counsel and the course advised." 19 Am. & Eng. Enc., page 685.

"One is not liable for malicious prosecution for instituting a proceeding under a criminal statute, although the prosecution fails because the acts did not constitute a crime, if he fully and fairly stated the facts to the prosecuting attorney, and acted upon his advice in instituting the proceeding." *Van Meter* v. *Bass*, 40 Colo., 78, 90 P., 637, 18 L. R. A. (N. S.), 49.

"The rule that advice of counsel, properly taken and relied upon in good faith, is a defense to a suit for malicious prosecution, applies with still greater reason when the proceeding complained of was instituted with the approval of the prosecuting officer of the state. *Sandoz* v. *Veazie*, 106 La., 202, 30 So., 767; *Moore* v. *Northern P. Rd. Co.*, 37 Minn., 147, 33 N. W., 334; *Johnson* v. *Miller*, 69 Iowa, 562, 29 N. W., 743, 58 Am. Rep., 231.

"And the rule is especially pertinent and relevant when the prosecution is commenced upon the suggestion and with the indorsement of the attorney general of the state. *Gilbertson* v. *Fuller,* 40 Minn., 413, 42 N. W., 203.

"If the advice of a respectable practicing attorney, fully informed, is a valid defense in an action for malicious prosecution, the advice of the district attorney, who testifies that he would have taken the oath himself as to probable cause, is entitled to at least as much, if not greater, weight. *Kirk* v. *Wiener-Loeb Laundry Co.,* 120 La., 820, 45 So., 738." 18 L. R. A. (N. S.), 71, note.

With these authorities in mind, we have examined the record to see whether the facts measure up to the authorities cited and the requirements thereunder, and we have come to the conclusion that there is a conflict of evidence, especially upon the question whether or not plaintiff in error submitted all the facts to counsel and the authorities. There is projected from the record the fact that a violation of the statute relative to the Blue Sky Law was in contemplation primarily when counsel was taken, but the arrest was on the charge of obtaining money and property under false pretenses, and it does not appear from the record that all the facts concerning the crime of false pretense were submitted to the judgment of the persons whose opinions were sought. This, then, reduces the issue as to error to the question whether the judgment below is clearly and manifestly against the weight of the evidence, and it is well-established law that no reversal can be had on this ground, except as a matter of law, and when there is cred-

ible evidence in the record to support the judgment a reviewing court cannot disturb it, regardless of its own opinion, unless there is projected from the record a situation which shows mistake, error, misapprehension, or a grave injustice, none of which conditions in our judgment arises from the record in this case.

Error is charged, in that the court refused to arrest the case from the jury, when it is alleged that it appears in the record that the prosecution had been taken under the advice of the county prosecutor. We think it would have been error to give this charge, inasmuch, as before stated, there was a conflict of evidence as to whether there had been a full submission of all the facts as they might bear upon the question of the crime of obtaining money or property under false pretenses.

It is also charged as error that the court failed to charge the jury that the advice of the public prosecutor, honestly sought and received under fair disclosure, constituted a good defense. Under this assignment of error we have examined the charge of the court, and find that the court used the following language, which substantially complied with the proposition of plaintiff in error. We read:

"The defendant in this action claims that he acted upon the advice of counsel. Concerning this defense, you are instructed that, if you should find from the evidence that the defendant gave to the prosecuting attorney of the municipal court and Attorney James L. Lind, when this affidavit against plaintiff was made, a full and honest presentation of the facts bearing upon the guilt or innocence of the accused within defendant's knowledge, or which

by reasonable diligence could be ascertained by him, and which he had reasonable cause for believing he was able to prove, and that the defendant in making this charge against plaintiff acted in good faith and in accordance with the advice of the said prosecuting attorney of the police court of Cleveland and Attorney James L. Lind of the Better Business Men's Association, or either of them, then your verdict should be in favor of the defendant. It would make no difference whether said two attorneys, or either of them, was mistaken in his opinion as to the existence of probable cause, or whether the facts communicated by the defendant to his attorneys constituted an offense or not. Mistakes or errors, if any, of counsel so consulted, cannot lay the foundation for damages against the defendant. Therefore, if you find from the evidence and by a preponderance thereof that substantially as alleged in the petition the plaintiff was prosecuted on a criminal charge preferred by defendant in the municipal court of the city of Cleveland, Ohio, that such prosecution is at an end, and was terminated before this action for damages was brought, and that said criminal prosecution of plaintiff was instituted by defendant maliciously and without probable cause, then your verdict should be in favor of the plaintiff. On the other hand, if you fail to find by the greater weight of the evidence, either that, substantially as alleged in the petition, the plaintiff was prosecuted in the municipal court of the city of Cleveland, Ohio, on a criminal charge preferred by the defendant herein, or that such prosecution is at an end and was terminated before this suit for damages was brought, or that said criminal prose-

cution of plaintiff was instituted maliciously and without probable cause, then your verdict should be for defendant, no cause of action.''

Therefore we find no error in this respect. We have examined the other assignments of error, but are of the opinion that they are not prejudicial.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.