**SHERMAN et, Plaintiffs-Appellants, v. KREBS et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4620.   Decided October 19, 1951.

Isadore L. Margulis, Columbus, for plaintiffs-appellants
C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Richard L. Canter, Asst. Atty. Genl., Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court sustaining an order of the Board of Liquor Control suspending the appellants' C-2, D-1, D-2 and D-3 liquor permits for a violation of §6064-22 GC.  We think the evidence clearly supports the Board's finding.  The appellants were charged with selling intoxicating liquor to one D. B. White while in an intoxicated condition.  The appellants admit the sale to White but contend that he was not intoxicated and that it was not sold to him for his own consumption; that he made the purchase for two of his friends.  The evidence supports the Board's factual finding that White was intoxicated. Sec. 6064-22 GC provides that no sale of intoxicating liquor shall be made to an intoxicated person.  It will be noted that the statute makes no exception as to the purpose for which the sale is made.  Therefore, the sale alone constitutes the violation, regardless of the purpose and concerning which there was a conflict in the testimony.

It is also contended by the appellant that the matter is res adjudicata. It appears that on the appellants' application for a renewal of its permit a hearing was had before the Board upon the objection of the Salvation Army and a church, which were located within 500 feet of appellants' place of business; that at the hearing evidence was offered tending to establish the sale herein complained of. The renewal was denied by the Board but upon appeal to the Common Pleas Court the order of the Board was reversed and the renewal issued. The record discloses that the sale violation was not included in the previous citation, that the violation of §6064-22 GC has been charged only in the citation before the Board in the matter now under consideration. The defense of res adjudicata was not well made.

Finding no error in the record, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.