WINANS, APPELLEE, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT.

(No. 8434—Decided May 5, 1958.)

Mr. *Calvin Prem,* for appellee.
Mr. *William Saxbe,* attorney general, and Mr. *Wm. J. Morrissey,* for appellant.

HILDEBRANT, P. J.   From a denial of her claim for unemployment benefits by the Unemployment Compensation Board of Review, claimant made application to institute a further appeal, which the board of review disallowed.

Subsequently, claimant's attorney, by letter, requested a rehearing, and, on the same being refused, filed notice of appeal to the Court of Common Pleas.   The Attorney General, on behalf of the board of review, filed a motion to dismiss the notice of appeal as not complying with the requirements of Section 4141.28, Revised Code (126 Ohio Laws, 337, 348, 351), and Rule 941 of the Unemployment Compensation Board of Review.

Section 4141.28, Revised Code, *supra,* provides:

"Any interested party may, within ten days after notice of the board's decision or order was mailed to the last known post-office address of such parties, file notice with the board of intention to appeal any such decision or order of the board adversely affecting such party to a Court of Common Pleas and request a rehearing by the board. Such notice and request for rehearing shall be filed with the board in the manner and in the form and at such place as may be prescribed by the board. When any such notice and request is so filed with the board, the board shall afford all interested parties a fair rehearing. All interested parties shall be notified of the board's decision on rehearing and the reasons therefor by mail addressed to the last known post-office address of such parties. A complete record shall be kept of each case heard before the board on rehearing. All testimony of any rehearing before the board shall be recorded but need not be transcribed unless the disputed claim is appealed to a Court of Common Pleas.

"Any interested party may, within thirty days after notice of the decision of the board on rehearing was mailed to the last known post-office address of all interested parties, appeal from the decision of the board on rehearing to the Court of Common Pleas of the county * * *."

Rule 941 of the Rules of the Unemployment Compensation Board of Review provides:

"Filing of notice and request. When the board by order disallows an application to institute further appeal from the decision of a referee, or allows such application or removes or transfers a claim (appeal) to itself and thereafter by decision affirms, modifies or reverses the referee's decision, any interested party adversely affected by the board's order or decision may, within ten (10) days after such order or decision was mailed to the last known post office address of said interested party, file with the board a notice of intention to appeal such order or decision to a Court of Common Pleas, and request a rehearing by the board. Such notice and request shall be in writing and may be given by executing and filing Form UCO-941 which is available at the office of the board, 427 Cleveland Avenue, Columbus 16, Ohio, or at any local office of the bureau. Use

of said form is not mandatory, and said notice and request may also be given by the filing of any other written communication directed to the board, setting forth such essential information as may be required. As part of such notice and request the appellant shall identify (by name of claimant, appeals docket number and date of mailing) the board's order or decision to which it is directed. Appellant shall also specifically state the reason(s) why he deems himself adversely affected by the board's order or decision, together with any errors complained of."

It is claimed that the request for rehearing by the Unemployment Compensation Board of Review must include notice of an intent to appeal to the Court of Common Pleas, and that the notice given failed to do so, and, therefore, neither the board of review nor the Court of Common Pleas has jurisdiction of the appeal.

The motion of the board of review to dismiss the appeal in the Court of Common Pleas for the reasons stated was overruled and the board ordered to proceed on rehearing. This is the judgment here on appeal on questions of law.

The request for rehearing by the board of review was in the form of a letter, as follows:

"Calvin W. Prem
"Attorney-at-law
"906 Main St.,
"Cincinnati, 2, Ohio

"April 18, 1957

"Bureau of Unemployment
Compensation,                    IN RE: Appeals
"427 Cleveland Avenue,           Docket No. 212945,887-REF-57
"Columbus, 16, Ohio              430-BR-57—Rilia Winans

"Attention: Amos L. Garrison, Sec'y.
"Dear Sir:

"Please be advised that my client, Rilia Winans, and I are both in receipt of a copy of the decision of the board of review mailed April 8, 1957, and indicating,

"'upon examination and consideration of the entire record, it is the decision of the board that claimant's Application to in-

stitute a further appeal should be, and the same is hereby disallowed.'

"At the time of the filing of said application for appeal, it was anticipated that the board would permit the introduction of evidence and testimony in support of my client's claim for benefits. The record examined by the board should show that the original decision of the referee was reversed after a hearing in which the company presented uncross-examined testimony in support of its opposition to my client's claim. My client at that time and at the time of the first review by the board was not represented by counsel and was unable to present evidence in support of her claim through ignorance of law and procedure.

"Conferences with my client have disclosed information tending to show that a distorted picture in opposition to her claim has been presented and that the adverse decision is unjust.

"Accordingly, it is requested that a rehearing be had on review at which time an opportunity is afforded my client to present her evidence. I shall greatly appreciate your advising promptly inasmuch as the statute provides, as the only other alternative, for appeal to the Court of Common Pleas within 30 days from the mailing date. It is my sincere hope and desire that this matter can be disposed of without the necessity of litigation beyond the board.

"Very truly yours,
"[signed]   Calvin W. Prem."

The sole question before the court is as to the sufficiency of the last sentence of the letter of April 18, 1957, as a notice of intent to appeal within the meaning of the statute and the rule. All other essential information required, we find is contained in the letter.

The crucial language here under consideration is: "It is my sincere hope and desire that this matter can be disposed of without the necessity of litigation beyond the board."

Does the language amount to a notice of intent to appeal in compliance with the statute and rule?

In *Zier* v. *Bureau of Unemployment Compensation*, 151 Ohio St., 123, 84 N. E. (2d), 746, it is stated in the first paragraph of the syllabus:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

And, it is stated in the second paragraph of the syllabus:

"* * * Compliance with these specific and mandatory requirements governing the filing of such notice is essential to invoke jurisdiction of the Court of Common Pleas. (*American Restaurant & Lunch Co.* v. *Glander, Tax Commr.*, 147 Ohio St., 147, approved and followed.)"

In Webster's New International Dictionary (2d Ed.), "Intent" is defined as "An intending or purposing; also, that which is intended or purposed." Nowhere in the crucial sentence does the word, "intent," or the word, "purpose," appear. The expression of a hope and desire that the matter be disposed of without necessity of further litigation in the light of the subject matter and all surrounding circumstances may connote a threat of further litigation, but even though the act, by Section 4141.46, Revised Code, requires a liberal construction, we cannot say that the mandatory requirement of the statute and the rule have been met. The question is one essentially of jurisdiction which may not be conferred by consent.

Accordingly, the judgment is reversed, and final judgment is entered for the appellant.

*Judgment reversed.*

MATTHEWS and LONG, JJ., concur.