**STATE, Plaintiff-Appellee, v. MORELLO, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5899. Decided June 3, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Paul A. Scott, Asst. City Atty., Columbus, for plaintiff-appellee.

Leda C. Hartwell, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

The defendant-appellant, Salvatore Morello, was charged in the Municipal Court of Columbus, Ohio, with having sold intoxicating liquor on or about September 13, 1957, to one Mary Floyd, an intoxicated person, in violation of §4301.22 R. C. A jury trial was had and a verdict of guilty was returned upon which judgment was pronounced and from

which this appeal is prosecuted. The appeal is designated as one on law and fact, but under §2501.02 R. C., it is not so appealable and hence it will be considered as one on law only.

The first assignment of error charges that the court erred in admitting improper and prejudicial evidence on behalf of the State over the objection of the defendant. The record reveals that the court allowed the prosecution to introduce into evidence a transcript of the journal entry made in the case of City of Columbus v. Mary Floyd, which reveals that Mary Floyd entered a plea of "guilty" on September 14, 1957, to a charge of having been intoxicated.

Counsel for the appellant cites **Clark v. Irvin, 9 Ohio Reports, 131,** which was an action brought by Irvin against Clark for damages arising out of an alleged assault and battery committed by Clark against the plaintiff Irvin. During the course of the trial before a jury the plaintiff introduced a transcript of the proceedings before a Justice upon a criminal complaint for the same assault and battery in which Clark pleaded guilty The trial court instructed the jury that this plea of "guilty" was conclusive of the guilt of Clark and estopped him from proving the contrary. The court did not hold that the transcript was inadmissible but only that the court erred in its introduction to the jury. In our case the court properly instructed the jury regarding the transcript when it charged:

"Now the court again reminds you that as a matter of law the plea of guilty to this charge of intoxication by one Mary Floyd may be considered by you as evidence supporting the contentions of the State—that she was in fact intoxicated at that time. However, you should consider that plea, together with all of the evidence that you have heard here, in determining whether or not you are satisfied beyond a reasonable doubt that she was in fact intoxicated at the time this sale was purported to have been made."

In **Fisher v. State, 84 Oh St 360,** the defendant was being prosecuted for contributing to the delinquency of a minor child and the court held that the record of conviction of the child on a charge of delinquency was admissible. See also, **State v. Griffin, 93 Oh Ap 299; Booker v. State, 33 Oh Ap 338.**

It is our conclusion that the court did not err in admitting the transcript into evidence and even if it were erroneous it could not have been prejudicial, for counsel for appellant concedes that Mary Floyd was intoxicated, as she states at page 8 of her brief "If she were intoxicated, and the record discloses that she was, we do not deny that, but we say that defendant-appellant had no opportunity of knowing this fact."

It is also urged that the verdict is against the manifest weight of the evidence for the reason that the defendant had no knowledge of Mary Floyd's condition. It is claimed that her condition was not discernible to this defendant and therefore he had no criminal intent. The record clearly reveals that Mary Floyd was in a high state of intoxication which was discernible to any ordinarily prudent person. This defendant was negligent in the performance of his duties as a bartender, if his statement is correct that he failed to observe her condition.

Moreover, scienter is not made a part of the offense under §4301.22 R. C., and therefore a criminal intent is not necessary in order to sustain the conviction. The sale alone constituted the violation. See Sherman v. Krebs, 67 Abs 28; City of Toledo v. Kohlhofer, 96 Oh Ap 355. The record is convincing that the sale was made to Mary Floyd and that she was intoxicated. Therefore, the verdict is in accord with the evidence and not against the manifest weight of the same.

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.