John A. PERGOLA, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD CO., Defendant-Appellee.

No. 14934.

United States Court of Appeals
Sixth Circuit.

Jan. 16, 1963.

Marshall I. Nurenberg, Cleveland, Ohio (A. H. Dudnik, Cleveland, Ohio, on the brief), for appellant.

Charles F. Clarke, Cleveland, Ohio (David A. Nelson, Squire, Sanders & Dempsey, Cleveland, Ohio, on the brief), for appellee.

Before McALLISTER and WEICK, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

The only question presented in this appeal is whether the District Court erred in directing the jury to return a verdict for defendant.

The action was one to recover damages for malicious prosecution. Plaintiff was employed as a brakeman by the Railroad.

He was arrested on railroad property in the night season by one of its policemen after he had loaded two fifty pound bales of stainless steel in the trunk of his automobile and started to drive away. Plaintiff was charged with petit larceny in the Municipal Court of Canton, Ohio and was there acquitted.

■■ The case was governed by the law of Ohio. Two of the essential elements of malicious prosecution are (1) malice in instituting or continuing the prosecution and (2) lack of probable cause. Rogers v. Barbera, 170 Ohio St. 241, 164 N.E.2d 162.

■■ District Judge Paul Jones, who presided at the trial, found that there was not one iota of evidence of malice as that term has been defined by the Ohio courts. Pickle v. Swinehart, 170 Ohio St. 441, 443, 166 N.E.2d 227; McFarland v. Shirkey, 106 Ohio App. 517, 151 N.E. 2d 797, 155 N.E.2d 468, 925, app. dismissed 168 Ohio St. 288, 154 N.E.2d 83. He further found that the policeman acted as a reasonable person would under the circumstances and that there was probable cause for the arrest and for instituting or continuing the prosecution. He further found that the Police Prosecutor of Canton had prepared the affidavit charging plaintiff with the offense after the railroad policeman had related the facts to him and the plaintiff admitted to the Prosecutor that he had taken the property. Advice of counsel constituted a defense. Frost v. O'Kross, 22 Ohio App. 174, 153 N.E. 879; Schaffer v. Aranyos, 25 Oh.Law Abs. 386; 35 O. Jur.2nd, Malicious Prosecution, § 48.

■ While there was conflicting evidence as to certain conversations between plaintiff and the railroad policeman, there was no controversy over the controlling facts. Plaintiff had to show more than his acquittal in order to recover damages. He was required to prove malice and lack of probable cause. This he failed to do.

■ In our judgment, the District Judge was justified in directing a verdict. Reasonable minds would not arrive

at different conclusions on the evidence in this case.

■ No error can be asserted in the dismissal of the claim under the Federal Employers' Liability Act as this was done with the consent of plaintiff.

The judgment of the District Court is affirmed.