HOPSON, PLAINTIFF, *v.* ANDREWS, DEFENDANT.

Municipal Court, Columbus.

No. 151201.   Decided August 12, 1963.

*Clara S. Cory,* for plaintiff.
*Messrs. Bobbs, Frick & Finnegan,* by *Mr. Bruno E. Vottolini,* for defendant.

SCHWARZWALDER, J. The "Supplemental and Amended Petition" filed by the plaintiff on January 2, 1963, contains two causes of action. The first cause of action alleges that the defendant did "speak * * * say of and concerning the plaintiff and publish 'certain' false, malicious and defamatory words."

The Court finds from a consideration of all the evidence that the plaintiff failed to sustain his burden of proof as to the first cause of action. First cause of action is dismissed.

In his second cause of action the plaintiff incorporated all allegations of facts set forth in the first cause of action, and in addition alleged that on the 3rd day of July 1962, defendant maliciously, falsely, and without probable cause, swore to an affidavit charging plaintiff with embezzlement. Plaintiff alleged that said affidavit was dismissed. The Court finds from the

exhibits and testimony that the affidavit was filed and was subsequently dismissed.

The Court further finds on October 5, 1962, the defendant did again swear out a warrant for the arrest of the plaintiff, said affidavit charging the plaintiff with embezzlement of the same funds as charged in the affidavit of July 3, 1962. After a hearing before Troop, J., then a judge of this Court, the affidavit filed October 5, 1962, was dismissed.

In general, to maintain an action for malicious prosecution, the following elements are essential and must be shown:

"(1) the institution or continuation of the original judicial proceedings, either criminal or civil; (2) by, or at the instance of, the defendant (that is, the defendant in the action for malicious prosecution); (3) the legal termination of such proceedings and, as a rule, their termination in favor of the plaintiff (that is, the plaintiff in the action for malicious prosecution); (4) malice in instituting or continuing the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of the injury or damage as a result of the action or prosecution complained of."

Under the facts in this case the first three requirements for maintenance of the action have been established by a preponderance of the evidence.

Was there malice and lack of probable cause on the part of the defendant? The Court cannot find actual or express malice from the facts in this case. However, the Court does find that there is present on the part of the defendant legal or implied malice. (See 35 Ohio Jurisprudence (2d), Section 22, page 142, for a definition thereof.)

Probable cause in this connection may be defined "as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." (See 35 Ohio Jurisprudence (2d), Section 25, page 147.)

The Court finds from the entire record in this case that there was a lack of probable cause for the institution of the criminal charge by this defendant against the plaintiff. The Court recognizes that the test is that the facts are regarded

from the viewpoint of the defendant, and that the question is not what the actual state of the case was, but rather what he, as a reasonable prudent person, knew or had reason to believe they were. The Court finds that the defendant under all the circumstances *did not* act as a reasonably or ordinarily prudent person would act under the same circumstances. Commenting on just some of the testimony of the defendant is sufficient. The defendant was extremely vague as to the date and as to the amount of money allegedly given to the plaintiff. His memory of many of the essential facts in this case was frequently faulty, if not contradictory. His lack of candor, his demeanor on the witness stand, failed to establish his acting at the time in question (filing of the affidavits) as a reasonable and prudent man.

In his answer the defendant pleads the defense, among others, that "upon the advice of counsel and the advice of the prosecutor," he filed an affidavit against the plaintiff herein.

The Court is aware of the rule of law that advice of counsel or a prosecutor may be a defense to a malicious prosecution action. *Frost* v. *O'Kross*, 22 Ohio App., 174. However, from the evidence in this case the Court *cannot* find that the prosecution was instituted in reliance in good faith on such advice given after *a full and fair statement* to the counsel or prosecutor of all the facts surrounding the institution of the action. This is particularly true where after the first affidavit was dismissed a second affidavit was filed.

There remains the question of damages. The plaintiff alleges in his petition many and sundry items of damage. The proof falls short of the allegation of many of those items.

The Court finds that the defendant did suffer direct financial loss in that he paid $130.00 to a bail bondsman. The Court further finds that the reasonable compensatory damages for the plaintiff for his imprisonment and consequent humiliation to be $400.00. No punitive damages are awarded in that the Court has found this to be a case of legal or implied malice rather than actual or express malice. The Court further finds the reasonable value of the counsel fees to be $350.00.

Upon consideration of all the testimony and exhibits, the Court finds that all the essential elements for the maintenance

of a malicious prosecution action have been established by a preponderance of the evidence; that as a direct and proximate result of the actions of the defendant the plaintiff has suffered damages; that the reasonable compensatory value of said damages and reasonable attorney fees is $880.00. Judgment for plaintiff against the defendant in the amount of $880.00 and costs.

The Court finds that the defendant has failed to meet his burden of proof on his cross-petition. Judgment for plaintiff and his costs on defendant's cross-petition.