Marion Edward WILLIAMS, Appellant,

v.

Paul H. CREWS et al., Appellees.

No. 76–1998.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1977.

Decided Nov. 4, 1977.

Donald A. Wine, Des Moines, Iowa, argued and on brief, for appellant.

Roger Hudson (argued), William Wimer, and Fred Haskins, Asst. Attys. Gen., Des Moines, Iowa, on brief, for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, STEPHENSON, Circuit Judge, and MARKEY, Chief Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by plaintiff Williams from final judgment dismissing his complaint and from all adverse rulings. Plaintiff on January 2, 1974, filed a complaint against Paul H. Crews, Secretary-Director of the Iowa Board of Pharmacy Ex-

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

aminers, Thomas D. Hill, an investigator for the Board, and Thomas W. Kenefick, Dwight E. Fry and Charles A. Hughes, members of the Iowa Board of Pharmacy Examiners. Such defendants are sued in both their individual and official capacities. Plaintiff is a Black licensed Iowa pharmacist operating a drug store in Des Moines, Iowa. The original complaint seeks damages for violation of plaintiff's constitutional rights under 42 U.S.C. §§ 1983 and 1985. Jurisdiction is based on 28 U.S.C. § 1343(3).

On March 6, 1975, plaintiff filed an amendment to his complaint adding Counts II and III based on pendent jurisdiction. Count II is based on malicious prosecution in the state court and Count III is based on malicious prosecution in the federal court. The basis of plaintiff's action was his assertedly wrongful prosecution for violation of state and federal drug control acts. Plaintiff was tried to a jury on criminal charges, first in the federal court and thereafter in the state court. Plaintiff was acquitted in each instance.

Plaintiff's cause of action now before us was tried to a jury, commencing on August 23, 1976. At the close of plaintiff's evidence, plaintiff voluntarily dismissed his Count III claim based on malicious prosecution in the federal court. Count I, the civil rights claim, and Count II, the state malicious prosecution claim, were submitted to the jury. On the civil rights claim, the jury found against the plaintiff and in favor of the defendants. On the malicious prosecution claim, the jury found for the plaintiff and against all defendants. · The jury determined that the plaintiff had suffered no damages.

Defendants filed motion for directed verdict on all counts at the close of the plaintiff's evidence and again at the close of all of the evidence. The court expressed grave doubt with respect to the sufficiency of the evidence to support a verdict but under the policy approved in this circuit submitted the case to the jury. Defendants filed a timely motion for judgment n. o. v. on Count II, including therein the following grounds: (1) no evidence to establish that the prosecu-tion was instigated or procured by defendants; (2) no evidence that there was a lack of probable cause for the state prosecution; (3) no evidence of any malice on the part of the defendants.

Plaintiff filed a timely motion for new trial on the issue of damages as to Count II, and alternatively for a new trial on all issues. The trial court sustained the motion for judgment n. o. v. on the malicious prosecution count, stating the applicable law as follows:

> Because defendants are public officials of the State of Iowa, there must be a finding of "actual malice". "Actual malice" cannot simply be inferred from lack of probable cause, but must be the subject of an affirmative showing by the plaintiff that defendant's instigation of criminal proceedings was primarily inspired by ill-will, hatred or other wrongful motives. If the defendant's purpose in instigating proceedings was otherwise proper, the fact he felt indignation or resentment toward the plaintiff will not subject him to liability.

The court then determined:

> There was no evidence tending to show any of the defendants acted toward plaintiff because of actual malice as so defined. Defendants are entitled to have judgment rendered in their favor. *Vander Linden v. Crews* (Iowa 1975), 231 N.W.2d 904.

The court denied plaintiff's motion for a new trial, stating that the record supported a finding that plaintiff sustained no actual damages. Additionally, the court determined that the sustaining of the motion for judgment n. o. v. dispensed with any necessity for considering the damage issue.

We have carefully examined the transcript of the evidence, consisting of 482 pages, the extensive exhibits, and the entire record. We are convinced that the court properly sustained the motion for judgment n. o. v. on Count II for the reasons stated by the trial court and for the reasons hereinafter set out. The sustaining of the motion for judgment n. o. v. on Count II affords an adequate basis in and of itself

for overruling the motion for new trial on the damage issue.

The critical threshold issue presented by this appeal is whether plaintiff has established each of the essential elements of a malicious prosecution action. The parties appear to be in agreement as to the basic applicable law. In any event, we find such law to be well established. ▪

▬ Federal district courts in deciding a pendent state claim for malicious prosecution apply the law of the state as pronounced by the highest court of the state. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Pergola v. Pennsylvania Railroad Co.*, 311 F.2d 837, 838 (6th Cir. 1963). Iowa law is clear as to the elements necessary to support an action for malicious prosecution. They are:

(1) A previous prosecution.

(2) Instigation or procurement thereof by defendant.

(3) Termination of the prosecution by an acquittal or discharge of plaintiff.

(4) Want of probable cause.

(5) Malice in bringing the prosecution on the part of the defendant.

(6) Damage to plaintiff.

*Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976); *Vander Linden v. Crews*, 231 N.W.2d 904, 905 (Iowa 1975).

In *Vander Linden v. Crews*, 205 N.W.2d 686 (Iowa 1973), the Iowa Supreme Court reversed a summary judgment for Crews, who is the same person as the defendant Crews in the present action, solely upon the basis of judicial immunity. The court held that the doctrine of judicial immunity should not be extended to shield a nonjudicial officer from civil suits where actual malice was alleged. After trial upon remand, the Iowa court reversed a judgment against Crews, holding that the trial court erred in refusing to direct a verdict for Crews on the ground that the plaintiff had failed to prove actual malice. The court held:

Actual malice is synonymous with express malice, which has been defined as "malice in ill-will, or wrongful motive

. . . ." Black's Law Dictionary, 4th Ed., 1968, p. 1109. See *Giltner v. Stark*, 219 N.W.2d 700, 708 (Iowa 1974). The element of actual malice essential to an action for malicious prosecution involving a defendant who is a public official cannot simply be inferred from a lack of probable cause, but must be the subject of an affirmative showing defendant's instigation of criminal proceedings against plaintiff was *primarily* inspired by ill-will, hatred or other wrongful motives. If the defendant's purpose in instigating proceedings was otherwise proper, the fact he felt indignation or resentment toward the plaintiff will not subject him to liability. See Prosser on Torts, 4th Ed., § 119, pp. 847–848.

*Vander Linden v. Crews*, 231 N.W.2d 904, 906 (Iowa 1975).

▬ In our present case we agree with the trial court's determination that the record contains no evidence to support a finding that the criminal proceedings were primarily inspired by ill-will, hatred or wrongful motives. The pharmacy board and its officers and employees are charged with the duty, among others, of seeing that the pharmacists and pharmacies they license comply with state laws for the protection of the public interest. We are satisfied that the evidence shows that the defendants were performing such duties in good faith and without malice or evil motives.

Plaintiff had previously been convicted of failing to keep records of narcotic drugs exempt from prescription under § 204.9 of the Iowa Code. His conviction was affirmed by the Supreme Court of Iowa. *State v. Williams*, 171 N.W.2d 521 (Iowa 1969), *cert. denied*, 398 U.S. 937, 90 S.Ct. 1837, 26 L.Ed.2d 268 (1970). In that case the Iowa court analyzed and set out the applicable statutes and determined that a pharmacist was required to keep records of narcotic drugs exempt from prescription.

After exhausting state postconviction remedies, plaintiff filed a petition for writ of habeas corpus in the federal district court which was denied. We affirmed upon

appeal. *Williams v. Brewer*, 442 F.2d 657 (8th Cir. 1971). We held that Iowa law was controlling on the interpretation of Iowa statutes and rejected defendant's equal protection claim based on the fact that he was the only one that had been prosecuted under § 204.9,[1] for the reason that this claim was not raised either in the state courts or in the district court, nor stressed in argument, and not supported by any evidence of record.

We have examined all contentions made by the defendant in support of his claim that actual malice was established. We find that all of such claims lack merit and that a detailed discussion of them would serve no useful purpose.

■ Moreover, we find no evidence in the record to establish want of probable cause for the prosecution. Plaintiff was aware of the record-keeping requirements as a result of his prior trial and conviction. The investigation and audit leading to plaintiff's second state prosecution was initiated by the federal drug agency at the request of the federal officers. The state pharmacy board participated in the investigation and audit. Plaintiff, after consenting to the investigation and audit, after receiving advice of counsel, later withdrew his consent. The audit was resumed upon a federal warrant obtained by the federal officials. The plaintiff claimed a theft loss of drugs which police reports questioned. The shortages were reported both on the basis allowing for the claimed theft losses and disallowing such losses. There were still substantial record-keeping deficiencies, even if the theft losses were recognized.

Mr. Hughes, a board member, testified that the board, after receiving the report of audit and investigation, directed Mr. Crews to turn over the file to the Attorney General's office, and what they did with it was up to the Attorney General. The Attorney General's office was the official legal adviser of the board. Mr. Crews testified that he took the file to the County Attorney upon the advice of the Attorney General, and that the County Attorney made the determination of what, if any, action would be taken.

In *Liberty Loan Corp. v. Williams*, 201 N.W.2d 462, 465 (Iowa 1972), the court held:

> Under the rule in this State, the advice of counsel obtained in good faith upon a full and fair disclosure of all of the facts in possession of a party is a complete defense to an action for malicious prosecution.

We find nothing in the record to indicate that the disclosure made to the board's legal adviser or to the County Attorney was not a full and fair disclosure made in good faith.

After the plaintiff was acquitted on federal drug charges which did not include record-keeping charges, plaintiff sought a dismissal of the indictment. There is no evidence that the defendants asserted pressure to resist the dismissal. In any event, the decision of whether to dismiss rested in the County Attorney and the court and has no bearing on the issue of probable cause for instituting the prosecution.

We have carefully examined all contentions made by the plaintiff in support of his claim for a reversal and find they lack merit. A detailed discussion of the extensive record would serve little purpose. We agree with the trial court that the plaintiff has failed to offer evidence to support a claim of actual malice on the part of any of the defendants. We also hold that the plaintiff has failed to present evidence to support a finding of no probable cause for the state prosecution.

The judgment is affirmed.

1. The record in our present case shows that five pharmacists' files involving defective record-keeping were submitted to the board's legal adviser, the Attorney General, and that three of such files including defendant's were referred by the Attorney General to the County Attorney and that at least one person, other than plaintiff, was indicted for violation of the record-keeping requirement.