CHARLES PHILPOT v. S. LUCAS, Appellant.

**Malicious Prosecution:** ACQUITTAL: *Presumptions.* In an action for malicious prosecution in causing plaintiff to be arrested for an offense triable before a justice of the peace, by whom he was discharged, an instruction that the discharge "by a magistrate of a person accused of a crime upon preliminary examination is *prima facie* evidence of want of probable cause" is inapplicable and erroneous. The rule stated applies to hearings upon preliminary informations, but not to final trials before justices of the peace.

SAME. An acquittal upon the final trial of criminal proceedings raises no presumption of a want of probable cause, in an action for malicious prosecution.

EVIDENCE OF PROBABLE CAUSE. Evidence that defendant, in an action for malicious prosecution, in charging plaintiff with the theft of chickens, kne v, at the time he commenced the criminal proceedings, that a great many chickens had been stolen in the neighborhood, is inadmissible in his behalf.

**Instructions:** UNDERSCORING WORDS. Words, such as *prima facie*, which are usually italicized in legal treatises and judicial opinions, are not within the rule that the court should not underscore words in instructions, because the effect is to give them undue weight.

*Appeal from Union District Court.*—HON. H. M. .TOWNER, Judge.

THURSDAY, APRIL 8, 1897.

THIS is an action for malicious prosecution by the plaintiff against the defendant. The claim is that the defendant, with malice, and without probable cause, filed an information against this plaintiff, charging him with the larceny of some chickens of the value of two dollars; that he procured the plaintiff's arrest under said information; that upon a trial of the cause before the justice, he found the plaintiff not guilty, and discharged him. The defendant herein denies all allegations of malice and want of probable cause,

admits the filing of the information, and the trial and discharge of the plaintiff. He pleads facts which he claims were sufficient to warrant him in believing the defendant guilty of having stolen the chickens. He alleges that the decision of the said justice was contrary to the weight of the evidence. On the trial in the district court a verdict was returned against the defendant, on which a judgment was entered, and the defendant appeals.—*Reversed.*

*James G. Bull* and *Hugh M. Fry* for appellant.

*Copenheffer & Allen* for appellee.

KINNE, C. J.—I. It is said that the court erred in excluding evidence offered by the defendant to the effect that at the time he commenced the criminal proceeding he had knowledge that a great many chickens had been stolen in that neighborhood. True, that fact was pleaded, but, if true, it would not authorize the defendant to proceed criminally against the plaintiff; nor do we discover how such a fact would have availed the defendant, or how it could be said to show, or tend to show, that in causing plaintiff's arrest he did not act with malice, and did have probable cause to believe the plaintiff to have been guilty of the larceny of the particular chickens in controversy. We think the evidence was properly excluded.

II. It is insisted that the court erred in the third instruction given to the jury. The record does not disclose where any instruction begins or ends. No numbers appear in the charge, and hence we cannot say whether that portion of the charge complained of is in fact the third instruction or not. The portion of the charge complained of reads as follows: "The discharge by a magistrate of a person accused of crime

upon preliminary examination, is *prima facie* evidence of want of probable cause." It is insisted that the court erred in underscoring the words "*prima facie.*" We said in *State v. Cater*, 100 Iowa, 501 (69 N. W. Rep. 883), that it was not proper to underscore words in instructions; that the effect might be to give such words undue weight, and thus to prevent the jury from giving due weight and consideration to other parts of the charge. The words underscored in the instruction under consideration are usually italicized in legal treatises and in judicial opinions, and hence it may be said that they are not embraced within the rule in *State v. Cater*. It is insisted that the portion of the instruction set out is an erroneous statement of the law, as applicable to the facts of this case. This was not a case of one accused of crime upon a preliminary examination. It was a case where, upon information filed before a justice of the peace, the plaintiff was accused of an offense, not indictable, but triable before the justice. Therefore the charge, though correct as applied to a case of one accused of a crime upon preliminary information, *Hidy v. Murray*, 100 Iowa, 65 (69 N. W. Rep. 1139), was inapplicable to the case at bar, where the crime as charged, petit larceny, was triable by the justice. Appellee contends that there could be no prejudice on account of this error, as the same rule of law is applicable to the case of one discharged on a hearing upon a preliminary information as to the one discharged upon a trial for a crime which was triable by the justice of the peace. But such is not the law. It may be that the justice who tried the plaintiff was satisfied from the evidence that the defendant had probable cause for instituting the criminal proceedings. But that was not what he was to determine upon that trial. Having the power to try the plaintiff, it was his duty to

find him not guilty, and to discharge him, unless he
was satisfied beyond a reasonable doubt as to his
guilt.   Sitting as a magistrate, and conducting a pre-
liminary examination, he would have the very ques-
tion of probable cause to try, and the evidence is on
the side of the prosecution alone, as a rule, and *ex
parte.*  *Brant v. Higgins,* 10 Mo. 728.   Probable cause
does not depend upon the guilt of the accused party
in fact, but upon the honest and reasonable belief
of the party commencing the prosecution.   In the
case at bar the question determined by the justice
was the guilt or innocence of the plaintiff of the crime
charged.   If he had been sitting as a committing
magistrate, he would have determined, not the guilt
or innocence of the plaintiff, but whether the facts
were such as tended to show that the plaintiff was
probably guilty of the commission of a public offense.
We need not extend this discussion, as the rule of law
is well settled that the discharge of a defendant in a
criminal prosecution does not raise even a presump-
tion of want of probable cause.   As some of the
authorities put it in such a case, the acquittal affords
no evidence that such charge was preferred without
probable cause.   14 Am. & Eng. Enc. Law, p. 65;
Newell, Mal. Pros., p. 294; *Griffin v. Chubb,* 7 Tex. 603
(58 Am. Dec. 85); *Heldt v. Webster,* 60 Tex. 207; *Williams
v. Vanmeter,* 8 Mo. 339; *Griffis v. Sellars,* 2 Dev. & B. 492
(31 Am. Dec. 422); *Bitting v. Ten Eyck,* 82 Ind. 421;
*Thompson v. Rubber Co.,* 56 Conn. 493 (16 Atl. Rep 554);
*Boeger v. Langenberg* (Mo. Sup.) 11 S. W. Rep. 223; Town-
shend, Sland & L., 709, and cases cited; 2 Greenleaf, Ev.,
section 455; Cooley, Torts (2d Ed.), pp. 214, 215.   See,
also, *Stone v. Crocker,* 24 Pick. 81.   The instruction
therefore, if it had been so worded as to apply the rule
therein announced to a case of a discharge upon a trial
of one accused of a crime, would have been erroneous.
We think the instruction was erroneous and prejudicial,

As we have said, it was not applicable to the case, and hence improper.

III. Other questions are argued, which we have considered. We discover no error save that already mentioned. For the error pointed out, the judgment below must be REVERSED.