Kenneth E. VANDER LINDEN, Appellee,

v.

Paul CREWS, Appellant.

No. 2–57076.

Supreme Court of Iowa.

July 31, 1975.

Richard C. Turner, Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., Des Moines, for appellant.

Bert A. Bandstra, Knoxville, for appellee.

Considered en banc.

REES, Justice.

Defendant appeals from judgment entered on a jury verdict awarding plaintiff

damages in an action for malicious prosecution. We reverse and remand for vacation of judgment only.

Plaintiff initiated the within action against defendant Crews, secretary of the Iowa Board of Pharmacy Examiners, Dwight William Snyder (also known in the record as Joe Snyder), and Bill McGill, alleging the defendants had falsely, maliciously and without probable cause, caused him to be arrested, imprisoned and prosecuted for selling stimulant drugs without a prescription. The arrest and prosecution of which plaintiff complained took place in 1969–1970. On October 19, 1969 defendant Crews in his capacity as director of drug law enforcement for the State Board of Pharmacy Examiners, caused plaintiff to be arrested following an investigation which allegedly disclosed a purchase of stimulant drugs from plaintiff by Snyder, who was purportedly acting as an undercover agent for the State. Plaintiff was subsequently indicted for the crime of selling stimulant drugs without a prescription in violation of chapter 189, Acts of the 62nd General Assembly (later codified as chapter 204A, The Code, 1971). He pleaded not guilty to the charge, was tried to a jury and acquitted.

In the early stages of plaintiff's action for malicious prosecution, defendant Crews moved for summary judgment on the grounds he was a public official and immune from suit under the doctrine of judicial immunity. Trial court sustained Crews' motion for summary judgment, holding Crews was a public official and immune from suit where he acted within the scope of his official duties. Plaintiff appealed and we reversed the trial court, holding "the doctrine of judicial immunity shall not be further extended to protect and shield nonjudicial officers from civil suits where actual malice is alleged". *Vander Linden v. Crews,* 205 N.W.2d 686, 691 (Iowa 1973).

Following our decision in *Vander Linden I,* the instant action proceeded to trial to a jury which returned a verdict in favor of plaintiff and awarded him damages in the amount of $3155.90 against defendant Crews and $3155.91 against defendant Snyder. No mention was made in the verdict of defendant McGill, who for reasons not clear from the record was dropped as a party defendant to the action when this case went to trial following our decision in *Vander Linden I.* Trial court subsequently entered judgment against both defendants Crews and Snyder and each of them for the total amount of the verdict, $6,311.81. It is from that judgment defendant Crews (but not Snyder) appeals here.

A number of issues are presented for review in this appeal. We consider only those issues deriving from defendant's contentions:

(a) trial court erred in overruling his motion for directed verdict on the grounds lack of actual malice existed as a matter of law with respect to his part in the arrest and prosecution of plaintiff.

(b) trial court erred in instructing the jury that malice does not necessarily presuppose personal hatred, ill-will or revenge, and that malice can be inferred from a lack of probable cause where defendant is a public official.

(c) trial court erred in permitting plaintiff's wife to testify as to mental anguish she and her daughter suffered because of plaintiff's arrest.

I. The elements necessary to support a cause of action for malicious prosecution are:

1) a previous prosecution.
2) instigation or procurement thereof by defendant.
3) termination of the prosecution by an acquittal or discharge of plaintiff.
4) want of probable cause.
5) malice in bringing the prosecution on the part of the defendant.

*Liberty Loan Corp. of Des Moines v. Williams,* 201 N.W.2d 462, 466 (Iowa 1972); *Lukecart v. Swift & Co.,* 256 Iowa 1268, 130 N.W.2d 716, 722; *White v. International Textbook Co.,* 156 Iowa 210, 136 N.W. 121.

The first issue presented for review in this appeal derives from defendant's contention plaintiff presented no evidence tending to establish the existence of malice on his part in causing the arrest and prosecution of which plaintiff complains and that trial court erred in failing to direct a verdict for defendant on grounds lack of actual malice existed as a matter of law.

What showing must be made to establish malice in an action for malicious prosecution depends on the status of the defendant. We have held in reviewing appeals from actions for malicious prosecution involving defendants who were not public officials that there is no burden on plaintiff to show ill-will, hatred or express malice on the part of the defendant, and that malice may be inferred from a lack of probable cause. See *Schnathorst v. Williams* [240 Iowa 561, 36 N.W.2d 739], *supra*, at pp. 746-747 of 36 N.W.2d; *Lukecart v. Swift & Co., supra.* In *Vander Linden I*, we suggested a different standard of malice would apply when the defendant is a public official, holding that such a defendant would not be immune from suit "where actual malice is alleged".

■ Actual malice is synonymous with express malice, which has been defined as "malice in fact, ill-will, or wrongful motive . . ." Black's Law Dictionary, 4th Ed., 1968, p. 1109. See *Giltner v. Stark*, 219 N.W.2d 700, 708 (Iowa 1974). The element of actual malice essential to an action for malicious prosecution involving a defendant who is a public official cannot simply be inferred from a lack of probable cause, but must be the subject of an affirmative showing defendant's instigation of criminal proceedings against plaintiff was *primarily* inspired by ill-will, hatred or other wrongful motives. If the defendant's purpose in instigating proceedings was otherwise proper, the fact he felt indignation or resentment toward the plaintiff will not subject him to liability. See Prosser on Torts, 4th Ed., § 119, pp. 847-848.

■ In the instant case plaintiff first testified that there may have been animosity on defendant's part in "carrying out" his arrest and trial, but later testified he could not think of any reason why the defendant would have harbored animosity toward him at the time. Except for plaintiff's highly speculative statement to the effect there may have been animosity, a rather tepid allegation discounted by his own subsequent testimony, no other evidence was presented at trial concerning defendant's state of mind in initiating criminal proceedings against him. There was on the other hand evidence suggesting plaintiff and defendant maintained a competitive but cordial relationship while operating separate drugstores in Pella.

We agree with defendant that the evidence presented at trial was insufficient to raise a jury issue on the question of actual malice. Virtually no showing was made at trial tending to establish defendant acted with ill-will or out of any improper motive in causing plaintiff to be arrested and prosecuted. Trial court should have sustained defendant's motion for directed verdict on the ground plaintiff failed to prove actual malice as a matter of law and erred in failing to do so.

II. While our holding trial court erred in overruling defendant's motion for directed verdict is dispositive of this appeal, we feel several of the remaining issues presented here are of sufficient importance to merit our attention. We touch on them briefly.

In light of our holding in *Vander Linden I*, as amplified by the foregoing discussion, the challenged instruction on malice submitted in the instant case was clearly erroneous insofar as it failed to take into account the fact defendant was a public official, whose action in procuring the arrest and prosecution of plaintiff was to be measured by the standard of actual rather than legal malice. Trial court erred in instructing the jury that malice does not necessarily presuppose personal hatred, ill-will or revenge, and that malice can be inferred from a lack of probable cause where defendant is a public official.

III. The final issue we consider in this appeal derives from defendant's contention trial court erred in permitting plaintiff's wife to testify concerning mental anguish she and her daughter suffered as a consequence of plaintiff's arrest. She testified extensively in this area over defendant's timely objections the questions concerning the effect of plaintiff's arrest on others was immaterial and irrelevant to any issues in the case, the wife or daughter not being parties to the action.

We have noted that the principal basis of recovery in actions for malicious prosecution is mental anguish and suffering arising from the wrongful charge and arrest, and have said the fact an arrest was made in the presence of a plaintiff's family may properly be considered as a matter bearing on the shame and humiliation the *plaintiff* suffered. *Hepker v. Schmickle* [204 Iowa 744, 229 N.W. 177], *supra,* at 179 of 229 N.W.; *Flam v. Lee,* 116 Iowa 289, 90 N.W. 70. In both *Hepker* and *Flam* we refused to find error in the admission of evidence showing the identity and general reaction of family members present at the time of a plaintiff's arrest, holding that while plaintiff's recovery must be restricted to the injury he himself sustained, that evidence constituted circumstances bearing upon the suffering he underwent on account of his alleged wrongful arrest and prosecution.

█ In the instant case plaintiff's wife was permitted to testify concerning the relatively long term effect her husband's arrest and prosecution had upon their 13-year old daughter. Her testimony was not restricted to the immediate impact of plaintiff's arrest on those present at the time and did not relate any suffering of other family members to his own injury. Because no attempt was made to relate the effect of plaintiff's arrest on other family members to the mental anguish he suffered himself, the testimony of his wife concerning impact of the arrest on their daughter was irrelevant to any pleaded issue in this case. Trial court erred in permitting such testimony and in overruling defendant's objections thereto.

IV. In view of our disposition of this appeal, we need not consider several remaining issues presented for review. We reverse insofar as the judgment against defendant Crews is concerned, and remand for entry of order and judgment dismissing plaintiff's petition as to Crews. Plaintiff's judgment against the non-appealing defendant, Snyder, is not affected by this opinion.

Reversed and remanded.