**Stanley Carl MOSER, Appellant,**

v.

**COUNTY OF BLACK HAWK, Appellee.**

**No. 65023.**

Supreme Court of Iowa.

Jan. 14, 1981.

Robert A. Himschoot of Himschoot Law Office, Dysart, for appellant.

James R. Hellman and David L. Fenchel of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

Plaintiff was charged with larceny in Black Hawk County. The trial information was dismissed when a key witness would not testify in accordance with his minute of testimony. Plaintiff then brought this malicious prosecution action against the defendant county. Trial court sustained the county's motion for summary judgment. Plaintiff appeals and we affirm in part, reverse in part, and remand.

Plaintiff's terse petition alleged, *inter alia*, that "agents employed by and acting on behalf of defendant commenced and prosecuted a criminal action against plaintiff," the proceeding terminated favorably for plaintiff, no probable cause existed for instituting it, "said action was done with malice," and defendant was damaged. The county admitted the prosecution and denied the remainder of the allegations.

Responding to an interrogatory asking for the identity of the "agents" referred to in the petition, plaintiff responded, "Wayne Sewick, a man named Miller, and others whose names I do not know." Plaintiff answered another interrogatory by asserting "the proceedings may have been engineered by Wayne Sewick to help a relative of his perfect an insurance claim for theft loss." Also relevant here is the following interrogatory and answer:

> INTERROGATORY NO. 19. If you maintain that the proceedings filed against you were inspired by ill will, hatred or other wrongful motives, please list the name or names of those so conspiring and any acts tending to prove same. [ANSWER] Wayne Sewick. The acts are the extensive scope of the investigation for such a minor crime (an inexpensive trailer was taken and returned), and misstatements of material facts were alleged in his investigative reports.

Black Hawk County's motion for summary judgment was based on "there being no material issue of fact, and the Defendant being entitled to a judgment of dismissal as a matter of law." The accompanying "Statement of Material Facts," *see* Iowa R.Civ.P. 237(h), asserted "the alleged agent employed by and acting on behalf of the Defendant who commenced and prosecuted the criminal action against Plaintiff was an Assistant Black Hawk County attorney, namely Michael Buchner . . . ." Defendant's statement further claimed the criminal proceedings were initiated when this assistant county attorney signed and filed the information, and that his prosecutorial immunity extended to the county. The brief filed with the motion cited only *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and *Burr v. City of Cedar Rapids*, 286 N.W.2d 393 (Iowa 1979), both dealing with the immunity of a prosecutor.

Plaintiff's resistance to the motion incorporated by reference his answers to interrogatories. He filed a rule 237(h) statement that asserted the agents who commenced the action were "Detective Sergeant John Serwick, Detective William K. Miller, and others" employed by the sheriff's department and acting for Black Hawk County. Plaintiff asserted prosecutorial immunity "does not extend to peace officers who institute criminal charges against an accused." He additionally asserted an assistant county attorney had stated under oath on the trial information that he had made a full and careful investigation of the facts upon which the charge was based, and that such investigation was not included under the doctrine of prosecutorial immunity.

Trial court sustained the summary judgment motion on the basis of *Burr*. Plaintiff promptly filed a motion to vacate and for rehearing on the ground the ruling failed to dispose of the contention that the agents who committed the acts complained of were officers of the Black Hawk County sheriff's office. District court amended its ruling by holding plaintiff's resistance was overruled both as to the ground the Black Hawk County sheriff and his agents commenced the criminal prosecution and as to the ground the assistant county attorney commenced the criminal prosecution by his investigation. The court then denied the motion to vacate.

This appeal thus invokes our rules and case law relating to summary judgments, and the separate grounds addressed in district court's final ruling.

## I. *Summary judgment.*

Our rules relating to summary judgments are treated in Iowa R.Civ.P. 237–240. The movant has the burden to show there is no genuine issue as to any material fact and that he or she is entitled to judgment on the merits as a matter of law. Iowa

R.Civ.P. 237(c); *Tasco, Inc. v. Winkel*, 281 N.W.2d 280, 282 (Iowa 1979). Trial court is required to examine the entire record before it in the light most favorable to the party opposing the motion to determine whether any genuine issue of a material fact has been generated. *Tasco, Inc.*, 281 N.W.2d at 282.

But a party confronted with a motion for summary judgment who does nothing pursues a dangerous course. *Ferris v. Anderson*, 255 N.W.2d 135, 137 (Iowa 1977). When a summary judgment motion is properly made and supported, "an adverse party may not rest upon the mere allegations or denials of his pleading but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e). In short, by a properly supported motion the movant can compel his or her adversary to come forth with specific facts that constitute competent evidence showing a prima facie claim or defense. *See McCarney v. Des Moines Register & Tribune Co.*, 239 N.W.2d 152, 154–57 (Iowa 1976); *Prior v. Rathjen*, 199 N.W.2d 327, 330 (Iowa 1972); *Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 580 (Iowa 1971).

II. *Immunity of defendant county based on conduct of assistant county attorney.*

■ We hold trial court was right in ruling the assistant county attorney issue was controlled by *Burr v. City of Cedar Rapids*, 286 N.W.2d 393. Under the record here, as there, the assistant county attorney did no more than sign a statement that was part and parcel of the trial information. *See* Iowa R.Crim.P., Appendix of Forms, Form 8. It was one of his official duties, *see Gartin v. Jefferson County*, 281 N.W.2d 25, 29–30 (Iowa App.1979), and the immunity applies. *See Imbler v. Pachtman*, 424 U.S. at 422–31, 96 S.Ct. at 991–95, 47 L.Ed.2d at 139–44; *Blanton v. Barrick*, 258 N.W.2d 306, 311 (Iowa 1977); *Restatement (Second) of Torts* § 656 (1977). It follows that it extends to Black Hawk County. *Burr*, 286 N.W.2d at 396.

III. *Immunity of defendant county based on conduct of sheriff's department employees.*

■ This issue relating to the investigators presents a close question, principally because the parties as adversaries have elected to stand back-to-back when firing. The county ignores plaintiff's complaints against the investigators. The plaintiff's allegations against these persons are more conclusory than factual, and are lacking in convincing detail.

Both parties ignore the controlling principles of law laid down in *Vander Linden v. Crews*, 231 N.W.2d 904 (Iowa 1975). *See also Williams v. Crews*, 564 F.2d 263, 264–65 (8th Cir. 1977) (applying *Vander Linden* case law).

What showing must be made to establish malice in an action for malicious prosecution depends on the status of the defendant. We have held in reviewing appeals from actions for malicious prosecution involving defendants who were not public officials that there is no burden on plaintiff to show ill-will, hatred or express malice on the part of the defendant, and that malice may be inferred from a lack of probable cause. *See Schnathorst v. Williams* [240 Iowa 561, 36 N.W.2d 739 (1949)], *supra*, at pp. 746–747 of 36 N.W.2d; *Lukecart v. Swift & Co.* [256 Iowa 1268, 130 N.W.2d 716 (1964)], *supra*. In *Vander Linden I* [(*Vander Linden I v. Crews*), 205 N.W.2d 686, 691 (Iowa 1973)], we suggested a different standard of malice would apply when the defendant is a public official, holding that such a defendant would not be immune from suit "where actual malice is alleged."

Actual malice is synonymous with express malice, which has been defined as "malice in fact, ill-will, or wrongful motive . . ." Black's Law Dictionary, 4th Ed., 1968, p. 1109. *See Giltner v. Stark*, 219 N.W.2d 700, 708 (Iowa 1974). The element of actual malice essential to an action for malicious prosecution involving a defendant who is a public official cannot simply be inferred from a lack of probable cause, but must be the subject of an affirmative showing defendant's instigation of criminal proceedings against

plaintiff was *primarily* inspired by ill-will, hatred or other wrongful motives. If the defendant's purpose in instigating proceedings was otherwise proper, the fact he felt indignation or resentment toward the plaintiff will not subject him to liability. See Prosser on Torts, 4th Ed., § 119, pp. 847–848.

*Vander Linden II*, 231 N.W.2d at 906.

Plaintiff in this case did not plead actual malice as required by *Vander Linden I*, 205 N.W.2d at 691. But the county did not attack the sufficiency of the petition, either in district court or here. Examining the motion for summary judgment in the most charitable light, the county's claim may be interpreted to mean that this prosecution was "commenced" by the assistant county attorney filing the trial information, *see* sections 801.4(12), 804.1, The Code 1979, therefore no one else could be held responsible. This view, if held, would overlook our cases that recognize peace officers who instigate or procure a prosecution may be held liable for malicious prosecution, other elements, including actual malice, being present.[1] *See Paige v. City of Chariton*, 252 N.W.2d 433, 438 (Iowa 1977); *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976). None of the county's factual assertions or affidavits relate to the conduct of the investigative officers, or respond to the complaints made against them in plaintiff's answers to interrogatories. In short, the county makes no attempt to demonstrate there is no fact issue with respect to the investigators' activities and motives.

Perhaps our inquiry should end here, but we turn briefly to plaintiff's assertions. Viewed in the most favorable light, plaintiff's factual statements raise an inference that detective sergeant Wayne Sewick, motivated by "ill will, hatred or other wrongful motive" "may have" engineered the investigation "to help a relative of his perfect an insurance claim for theft loss." However unsatisfactory this record is for plaintiff, and however vulnerable may be his case at trial under the *Vander Linden II*

principles, we hold on this issue the county's motion for summary judgment cannot be sustained.

We do not find facts de novo in an appeal from summary judgment. *Lyon v. Willie*, 288 N.W.2d 884, 894 (Iowa 1980). The county made no attempt to address the allegations relating to the acts and conduct of the investigators. This was the county's burden to carry. *Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). No defense to an insufficient showing on the part of the movant is required. *Id.*

· We hold trial court was right in recognizing the county's immunity from liability resulting from the assistant county attorney's actions. We hold trial court erred in granting summary judgment for the county as to the alleged conduct of the investigators. Only a partial summary judgment should have been granted. *See Lamantia v. Sojka*, 298 N.W.2d 245, 248 (Iowa 1980).

This case is therefore affirmed in part, reversed in part, and remanded for further proceedings in conformity with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

1. The general rule that law enforcement officers are absolutely privileged to institute criminal proceedings and therefore have an indefeasible immunity against an action for malicious prosecution, *see* F. Harper and F. James, *The Law of Torts* § 4.3, at 306 n.10 (1956), is not applied in this jurisdiction.