Lynn E. YOCH, Plaintiff-Appellant,

v.

CITY OF CEDAR RAPIDS, Iowa, Joel Kessler & Harvey Denlinger, Defendants/Third-Party Plaintiffs/Appellees,

v.

Sheila Marie CHASE & Pester Marketing Company, f/k/a Pester Derby Oil Company, Third-Party Defendants.

No. 83–637.

Court of Appeals of Iowa.

May 22, 1984.

Thomas M. Wertz of the Tom Riley Law Firm, Cedar Rapids, for plaintiff-appellant.

Benjamin Blackstock of Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for defendants/third-party plaintiffs/appellees.

John Von Lackum of Elderkin, Pirnie, Von Lackum & Elderkin, Cedar Rapids, for third-party defendants.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff, Lynn E. Yoch, appeals from the jury verdict in this action for false arrest and malicious prosecution on the ground that the verdict was inadequate as a matter of law and on the ground that the trial court erroneously instructed the jury on the issues of malice and probable cause. The issues are: (1) whether the jury award in the malicious prosecution action of the exact amount of plaintiff's attorney's fees incurred in defending the prior criminal action is an inadequate award entitling her to a new trial; (2) whether the acquittal of plaintiff by a trial court after trial in a prior criminal case constitutes evidence of a want of probable cause in a subsequent action for malicious prosecution; and (3) whether malice may be inferred in a malicious prosecution action against a city and its police officers from a finding that their actions were taken without probable cause. We hold that the trial court abused its discretion in denying plaintiff's motion for a new trial on the basis of an inadequate award, that the acquittal in the prior criminal action after trial is not evidence of want of probable cause for that action in a subsequent action for malicious prosecution, and that the plaintiff must show actual malice in a malicious prosecution action against the city and its police officers based upon actions taken by the police officers. We reverse and remand for a new trial on all the issues.

Yoch brought suit against defendants Kessler, Denlinger, and the City of Cedar Rapids seeking recovery for false arrest and malicious prosecution. Yoch had been arrested without a warrant by Detectives Kessler and Denlinger for theft in the fifth degree after allegedly pumping gas valued at $17.75 into her car and driving away without payment. Yoch was arrested outside her place of employment and handcuffed. She was transported to the Cedar Rapids police station where she was processed and detained in a cell for approximately forty-five minutes. Yoch was then transferred to the Linn County jail facility where she was held for several hours before being released on her own recognizance.

Yoch strenuously denied at all times that she had failed to pay for the gasoline she had pumped. After a trial to the court, she was acquitted of the charge of theft in the fifth degree. Yoch subsequently filed the present lawsuit against the city and the arresting officers. The city and the arresting officers filed a cross-petition seeking contribution and indemnity from the gas station employee who had reported the alleged theft and from the owner of the station.

The jury awarded Yoch damages of $1,088.98 on her malicious prosecution claim, but returned a verdict in favor of the defendants on the false arrest claim. She had sought damages in the malicious prosecution claim for attorney's fees in defending the criminal action, emotional distress, personal humiliation and embarrassment, and deprivation of liberty. The damages awarded to Yoch on the malicious prosecution claim were equal to the amount of her attorney's fees in the criminal trial as set out in jury instruction number twenty-nine. Yoch was awarded nothing on her claim for exemplary damages.

Yoch asserts on appeal that the trial court abused its discretion in not granting a new trial on the issue of inadequate damage award and that the trial court erred in not granting her motion for a new trial because the court failed to give certain instructions requested by her. We consider each of these grounds separately.

Our review is upon assigned error. Iowa R.App.P. 4. The third-party defendants are not parties to this appeal.

I. *Inadequate Damage Award.* Yoch contends that the verdict as returned by the jury was insufficient as a matter of law in that it was in controvention of the uncontroverted evidence with regard to her entitlement to recover damages for emotional distress, personal humiliation and embarrassment, and deprivation of liberty. She asserts that because the verdict does not provide substantial justice to the parties, the trial judge erred in not granting her motion for a new trial.

 In ruling upon motions for new trial, the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). Our task is to determine whether the trial court abused its discretion in not granting a new trial in light of the award made, not whether a higher verdict would have been justified under the evidence. *Moore v. Bailey,* 163 N.W.2d 435, 436 (Iowa 1968). Ordinarily the jury should be allowed to settle factual disputes and the verdict should not be set aside simply because the reviewing court would have reached a different conclusion. *Waddell v. Peet's Feeds, Inc.,* 266 N.W.2d 29, 32 (Iowa 1978). Precedents in this field are of little value and each case must be decided by relating its own unique circumstances to certain well-established principles. *Kaiser v. Stathas,* 263 N.W.2d 522, 523 (Iowa 1978).

The applicable legal principles are well established in a long line of our cases. The assessment of damages is traditionally a jury function. Its decision should be disturbed only for the most compelling reasons. We will reduce or set aside a jury award only if it (1) is flagrantly excessive or inadequate; or (2) is so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is a result of passion, prejudice or other ulterior motive; or (4) is lacking in evidentiary support. (citations omitted). The most important of the above enumerated tests is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Where the verdict is within a reasonable range as indicated by the evidence we will not interfere with what is primarily a jury question. (citations omitted).
... We view the evidence in the light most favorable to the verdict.... We must also give weight to the fact the trial court, with benefit of seeing and

hearing the witnesses, observing the jury and having before it all incidents of the trial, did not see fit to interfere. (citations omitted).

*Olsen v. Drahos,* 229 N.W.2d 741, 742–43 (Iowa 1975).

The testimony of the plaintiff in this case concerning her alleged suffering of emotional distress, personal humiliation and embarrassment due to the prosecution of this action was uncontroverted. The partial trial transcript submitted on this appeal indicates that the defendants sought only to show that their actions were supported by probable cause and taken in good faith, without malice. The trial court instructed the jury that if it found for the plaintiff on her cause of action for malicious prosecution, it was to determine the amount of her recovery. The court's instruction further provided that Yoch could recover for emotional distress, personal humiliation and embarrassment, deprivation of liberty, and attorney's fees not to exceed $1,088.98. Other than the amount requested for attorney's fees, no specific amounts were requested for each item of damage. The jury was instructed that, in any event, the total amount of actual damages awarded could not exceed $15,000, the amount plaintiff requested in her petition.

█ It is apparent from the jury's verdict that plaintiff was awarded only the amount of attorney's fees she incurred in the defense of the criminal action. She received nothing on her other items of damage. Although the amount of damages to be awarded is peculiarly a jury, not a court, function, courts should see that a verdict fairly and adequately compensates a plaintiff for the damages suffered. *Waddell v. Peet's Feeds, Inc.,* 266 N.W.2d at 32.

█ The jury's verdict indicates that it found for the plaintiff on the issue of the defendants' liability for malicious prosecution. It has been stated that where the jury found the defendant's liability had been established, the award in an amount equal to the special damages is grossly inadequate. *Allbee v. Berry,* 254 Iowa 712, 717, 119 N.W.2d 230, 233 (1963). The facts in *Allbee* indicate that, as here, the issue of liability was contested throughout the proceedings but the evidence on damages was uncontradicted. The jury awarded the plaintiff in that case the exact amount of his special damages but awarded nothing for his past and future pain and suffering and permanent disability. *Id.* at 717, 119 N.W.2d at 232. The court in *Allbee* concluded that "a verdict of this size indicates that the jury must have misapprehended their duties as given them in the court's instructions, been governed by passion and prejudice, or compromised the question of liability." *Id.* at 718, 119 N.W.2d at 233.

The Iowa Supreme Court in *Householder v. Town of Clayton,* 221 N.W.2d 488, 493 (Iowa 1974), held that damages should be commensurate with the injury, and be sufficient to right the wrong done to the injured party.

The test for adequacy is for the court to determine what will fairly and reasonably compensate an injured party for the injury sustained. ... a verdict will be set aside as inadequate where it appears clearly from uncontroverted evidence that the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff. (citations omitted).

*Id.* at 493. The undisputed facts in *Householder* indicated the minimum loss to the plaintiff was $9,805.22. The court held that the $8,000 jury verdict was inadequate under all the prevailing tests for adequacy and reversed the trial court's denial of plaintiff's motion for a new trial. *Id.* at 493.

█ The jury awarded Yoch the exact amount of her attorney's fees incurred in defending the prior criminal action. However, the evidence that she was arrested near her place of employment, handcuffed and taken to jail, confined in jail for several hours, and subsequently tried on a charge of theft in the fifth degree is uncontroverted. She requested, and upon a finding of liability, is entitled to compensation for mental anguish and suffering from the

wrongful charge and arrest. *See Vander Linden v. Crews*, 231 N.W.2d 904, 907 (Iowa 1975) (hereafter referred to as *Vander Linden II*). We hold that under the circumstances the verdict should be set aside and a new trial granted on all issues.

■ We recognize in reaching our decision the jury's discretion to accept or reject uncontradicted testimony of a witness which it finds unreliable. *Kaiser v. Stathas*, 263 N.W.2d at 526.

"While the jury as the trier of fact is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, neither is it required to accept and give effect to testimony which it finds to be unreliable, although it may be uncontradicted. Testimony may be unimpeached by any direct evidence to the contrary and yet be so contrary to natural laws, inherently improbable or unreasonable, opposed to common knowledge, inconsistent with other circumstances established in evidence, or so contradictory within itself, as to be subject to rejection by the court or by the jury as trier of the facts. *Kindred v. Crosby*, 251 Iowa 198, 202, 100 N.W.2d 20, 23 [ (1959) ]."

*Id.* at 526.

■ The plaintiff in *Kaiser* presented uncontroverted evidence of losses of $11,-877.90, but the jury awarded only $7,500 for those losses and an additional claim for pain and suffering. *Kaiser*, 263 N.W.2d at 524. The supreme court affirmed our decision in that case reversing the trial court's decision to grant a new trial on the basis of inadequate damages. However, the plaintiff's own testimony in *Kaiser* raised a number of factual issues as to whether the various items of damage were proximately caused by defendant's negligence, plaintiff's activity in lifting weights or a preexisting disease suffered by plaintiff. *Id.* at 525–26. There are no such issues presented by the uncontradicted testimony of plaintiff in this case. Nor is her testimony concerning her suffering of emotional distress as a result of her arrest, confinement and trial "contrary to natural laws, inherently improbable or unreasonable, opposed

to common knowledge, inconsistent with other circumstances established in evidence, or so contradictory within itself as to be subject to rejection by the jury as triers of the fact." *See Vander Linden II*, 231 N.W.2d at 907. Assuming liability, the record is clear that Yoch suffered mental anguish and emotional distress as a result of her arrest, confinement and trial on the criminal charge. Therefore, the trial court erred in overruling Yoch's motion for a new trial.

■ As a general rule, new trials will be granted as to the whole case and on all the issues. *Householder v. Town of Clayton*, 221 N.W.2d at 493. Where it appears from the jury award there was a compromise on liability a new trial should be granted on all of the issues. *Id.* As in *Householder*, there was a conflict of evidence on the issue of liability, and the jury's award bore no relationship to the injuries sustained by plaintiff. Accordingly, this case must be reversed and remanded for a new trial on all the issues in the case, including plaintiff's false arrest claim.

We address the other issues raised in plaintiff's motion for a new trial because those issues are likely to recur on remand. *See Madison v. Colby*, 348 N.W.2d 202, 209 (Iowa 1984).

II. *Proof of Lack of Probable Cause for a Malicious Prosecution Claim.* The plaintiff requested the trial court to instruct the jury that "[t]he acquittal of Lynne Yoch by the trial in the prior criminal charge of favorable termination of the prosecution constitutes evidence that would support a finding by you that the criminal prosecution was without probable cause unless overcome by other evidence." The trial court refused this instruction.

■ The elements of malicious prosecution were summarized in *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976):

The elements of a malicious prosecution are: (1) a previous prosecution, (2) instigation or procurement thereof by defendant, (3) termination of the prosecution by an acquittal or discharge of plaintiff, (4)

want of probable cause, (5) malice in bringing the prosecution on the part of the defendant, and (6) damage to plaintiff. (citations omitted).

The basis of an action for malicious prosecution consists of the wrongful initiation of an unsuccessful civil or criminal proceeding with malice and without probable cause. (citations omitted).

No cause of action arises from malicious prosecution unless there has been either an arrest, seizure of property, or a special injury sustained which would not necessarily result in all suits prosecuted to recover for like causes of action. *Brody v. Ruby*, 267 N.W.2d 902, 904 (Iowa 1978).

The instruction requested by the plaintiff on the element of probable cause is similar to the third alternative stated in I Iowa Uniform Jury Instruction No. 18.6 as set forth below:

The (refusal of the grand jury to indict the plaintiff on the prior criminal charge) (the dismissal of the charge by the county attorney) (the acquittal of the plaintiff by the trial jury in the prior criminal charge) constituted a favorable termination of the criminal prosecution as that term is used in these instructions.

This favorable termination of the prosecution constitutes evidence that would support a finding by you that the criminal prosecution was without probable cause unless overcome by other evidence.

The authority cited for this instruction is *Schnathorst v. Williams*, 240 Iowa 561, 36 N.W.2d 739 (1949). However, the supreme court in *Schnathorst* did not consider a situation where there had been an acquittal after a criminal trial. The court stated merely that the dismissal of criminal charges by the county attorney after the grand jury refused to indicate constituted prima facie evidence that the charge was filed without probable cause. *Schnathorst v. Williams*, 240 Iowa at 572–74, 36 N.W.2d at 745–46. In reaching this result the *Schnathorst* court relied upon the older case of *Hidy v. Murray*, 101 Iowa 65, 69 N.W. 1138 (1897).

The supreme court held in *Philpot v. Lucas*, 101 Iowa 478, 481, 70 N.W. 625, 626 (1897), that an acquittal after a criminal trial affords no evidence that the charge was filed without probable cause. The court distinguished *Hidy v. Murray* which had dealt with dismissal of charges by a magistrate. The court in *Philpot* stated that the distinction was due to the difference between the functions of a grand jury or a committing magistrate and a petit jury. The former determines whether there is sufficient evidence to hold the criminal defendant for trial. A negative answer is clear evidence that there was no probable cause for the charge. However, an acquittal after a trial has no bearing on whether there was probable cause for the charge but implies only that the evidence did not meet the heavy standard necessary for conviction. *Philpot v. Lucas*, 101 Iowa at 481, 70 N.W. at 626. This distinction is accepted by a majority of jurisdictions. *See* 52 Am.Jur.2d *Malicious Prosecution* §§ 164 and 165 (1970).

The plaintiff also relies upon the Iowa Supreme Court's decision in *Ashland v. Lapiner Motor Company*, 247 Iowa 596, 602, 75 N.W.2d 357, 360 (1956), as authority for her requested instruction. There the court stated "[s]atisfactory termination of the original proceedings creates a prima facie showing of want of probable cause which in turn allows a presumption of malice." *Id.* at 602, 75 N.W.2d at 360. In *Ashland*, however, the plaintiff did not go to trial on the criminal charge of embezzlement of mortgaged property. The action was dismissed after the plaintiff and the automobile dealer reached a mutual agreement as to the disposition of the automobile. *Id.* at 599–600, 75 N.W.2d at 358–59. *But cf. Mills County State Bank v. Roure*, 291 N.W.2d 1, 3 (Iowa 1980) (a compromise or settlement of a suit is not a termination thereof in defendant's favor).

Moreover, both cases relied upon by the court in *Ashland* for the proposition that a satisfactory termination of the original proceedings creates a prima facie showing of a want of probable cause, were cases where the original proceeding had been dismissed

prior to a resolution of the issues by trial. The prior action in *Davis v. Rudolph,* 243 Iowa 744, 748, 52 N.W.2d 15, 17 (1952), was a landlord's attachment suit and was dismissed by the landlord before a trial was held thereon. A trial was held on the tenant's application to return certain proceeds to the court clerk, but no trial on the merits of the landlord's action was had. The prior action in *Gripp v. Crittenden,* 223 Iowa 240, 247, 271 N.W. 599, 603 (1937), was a criminal action charging plaintiff with malicious destruction of property and was dismissed by the county attorney without a hearing.

The court in *Ashland* also relied upon 54 C.J.S. *Malicious Prosecution* section 43 (1948), for support of its proposition that satisfactory termination of the original proceedings creates a prima facie showing of want of probable cause which in turn allows a presumption of malice. *Ashland,* 247 Iowa at 602, 75 N.W.2d at 360. That section, however, provides a discussion of the rule that in ordinary cases malice may be inferred from a want of probable cause. (We defer discussion of the inference of malice from a want of probable cause in this case to section III.) It does not discuss the issues of whether or not a satisfactory termination of the original proceedings after a trial creates a prima facie showing of want of probable cause. *See* 54 C.J.S. *Malicious Prosecution* § 43. We decline to extend the court's decision in *Ashland* to include acquittals of a plaintiff after a trial in the prior criminal case as a "satisfactory termination of original proceedings" which creates a prima facie showing of want of probable cause.

Accordingly, we hold that the trial court was correct in refusing plaintiff's requested jury instruction allowing the jury to find that the prosecution was without probable cause based upon evidence that plaintiff had been acquitted by trial of the criminal charges. Our decision is consistent with the supreme court's holding in *Paige v. City of Chariton,* 252 N.W.2d 433, 438 (Iowa 1977), that a conviction, even though later reversed, is at least prima facie evidence of "probable cause" for the prior prosecution in a malicious prosecution action. We disapprove of I Iowa Uniform Jury Instruction No. 18.6 to the extent that it includes "acquittal of the plaintiff by the trial jury" as a favorable termination of the criminal charge creating a presumption of lack of probable cause.

III. *Proof of Malice in Actions Involving Police Officers.* Finally, plaintiff asserts that the trial court erred in denying her requested instruction that the jury, as factfinder, "... may, but need not, infer malice if they find the Defendants acted without probable cause." Defendants, on the other hand, assert that malice may not be inferred in a malicious prosecution action when the action which is the basis of the suit was initiated by a public official, such as a police officer. We agree.

What showing must be made to establish malice in an action for malicious prosecution depends on the status of the defendants. *Vander Linden II,* 231 N.W.2d at 906. There is no burden on a plaintiff to show ill-will, hatred, or express malice on the part of a defendant in a malicious prosecution action where that defendant is not a public official, that malice may be inferred from a lack of probable cause. *Id.; Lukecart v. Swift and Co.,* 256 Iowa 1268, 1284, 130 N.W.2d 716, 725 (1964). However, the element of actual malice essential to an action for malicious prosecution involving a defendant who *is* a public official cannot simply be inferred from a lack of probable cause, but must be the subject of an affirmative showing. *Vander Linden II,* 231 N.W.2d at 906. It must be shown that defendant's instigation of criminal proceedings against plaintiff was primarily inspired by ill-will, hatred or other wrongful motives. *Id.*

The rule requiring the showing of actual malice in order for a public official to be held liable for malicious prosecution also applies to peace officers. *Moser v. County of Black Hawk,* 300 N.W.2d 150, 153 (Iowa 1981). The term "peace officers" is defined in Iowa Code section 801.-

4(7)(b) (1981), to include "[m]arshals and policemen of cities." It is clear in this case that defendants Kessler and Denlinger were both employed by the City of Cedar Rapids as "policemen" and, as a result, enjoy a limited liability in malicious prosecution actions arising out of criminal proceedings instigated by them while performing their official functions. The officers were responding to a citizen complaint in this case. Therefore, actual malice must be shown in this action in order to entitle plaintiff to recover. The plaintiff's requested instruction would have erroneously permitted an inference of malice based upon a finding of lack of probable cause.

The trial court did not err in refusing plaintiff's requested instructions. However, this case must be reversed on the issue of adequacy of damages and remanded for a new trial on all the issues.

REVERSED AND REMANDED.