Diane JACKSON, Appellant,

v.

Arthur ROGER and Diebold, Inc., Appellees.

No. 92–708.

Court of Appeals of Iowa.

Sept. 2, 1993.

William J. Bribriesco, of William J. Bribriesco & Assoc., Bettendorf, for appellant.

Thomas D. Waterman, of Lane & Waterman, Davenport, for appellees.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Diane Jackson sued Arthur Roger and his employer, Diebold, Inc., for damages resulting from their two-car collision. Jackson introduced evidence of $745 in past medical expenses. Roger introduced without objection evidence that Jackson's medical ex-

penses were paid by her insurance. In closing argument Jackson asked for $46,000 in damages.

Following a two-and-one-half-day trial, the court submitted the case on special verdict forms requiring the jury to answer several interrogatories. The jury apportioned 51% of the fault to Roger and 49% to Jackson. Question six of the verdict form asked the jury to make specific findings about Jackson's damages. The jury answered that her past and future medical expenses were $401, her past and future pain and suffering were $3,000, and she was found to have sustained $0 in damages for past and future loss of full body, for total damages of $3,401. Question seven asked: "State the extent to which you reduced your damage award, if any, due to evidence that Plaintiff's medical bills had been paid by insurance." The jury answered: "$42,599."

The morning after the jury returned its verdict, the court held a hearing at which Jackson contended inconsistencies in responses to questions six and seven entitled her to have the jury recalled or a new trial. The court noted that the total award of $3,401 when added to the amount referred to in question seven, $42,599, totaled the amount requested, $46,000. The court therefore accepted the verdict, released the jury, and entered a judgment for plaintiff of $1,734.51 ($3,401 reduced by plaintiff's 49% comparative fault).

Jackson moved for a new trial on the basis of alleged inconsistencies. Attached to Roger's resistance was an affidavit from the jury foreperson stating that the jury found unanimously Jackson's damages totaled $3,401 and the jury had understood question seven to ask for the amount it reduced the damages figure from the amount claimed. Jackson filed a motion to exclude consideration of the foreperson's affidavit in ruling on the motion for a new trial. The district court was not persuaded that the affidavit was incompetent and cited the affidavit in its order denying a new trial.

Jackson appeals. She argues the court erred (1) in refusing to grant a new trial for inconsistencies in the verdicts, (2) in denying a new trial on the basis of the jury's failure to find damages for loss of full body, and (3) relying on incompetent evidence in denying a new trial. Roger argues there is no inconsistency in the jury's awarding Jackson some damages for medical expenses and pain and suffering and no damages for loss of full body. Roger argues the affidavit is not incompetent evidence because it was only used to establish that which was agreed upon by the jury.

## I. *Inconsistent verdicts.*

■ Our scope of review is for correction of errors at law. Iowa R.App.P. 4. Appellant asserts that the trial court erred in denying her motion for a new trial. Trial courts have broad discretion when ruling on motions for a new trial. Iowa R.App.P. 14(f)(3). The initial tort case falls under Iowa Code chapter 668. The jury verdicts consisted of seven questions and answers. Iowa Rule of Civil Procedure 205 explicitly brings within its scope the verdicts pursuant to Iowa Code chapter 668. Rule 205 gives the trial court discretion to "direct such judgment on the special verdict and answers as is appropriate thereto."

■ Appellant argues the trial court should either have sent the jury back for further deliberation or granted a new trial under Iowa Rule of Civil Procedure 206. We disagree that rule 206 applies in this case; rather, rule 205 applies for the reason stated above. The record discloses the entire verdict consisted of interrogatories, which rule 205 states are treated as special verdicts. Rule 206 governs the case where the jury returns a general verdict and special interrogatories which are either inconsistent with the general verdict or with each other. The jury returned no general verdict in this case. Therefore, rule 206 does not apply.

■ Rule 205 provides for the situation where an issue is not submitted to the jury before it retires. The rule does not specifically provide a remedy for the situation in this case. It does not provide, as rule 206 does, for sending the jury back or granting a new trial. Therefore, we cannot say that the court erred by not sending the jury back or ordering a new trial.

Iowa Rule of Civil Procedure 205 does not leave us without guidance, however. It states in part:

> If the submission omits any issue of fact, any party not demanding submission of such issue before the jury retires waives jury trial thereof, and the court may find upon it; failing which, it shall be deemed found in accord with the judgment on the special verdict. The court shall direct such judgment on the special verdict and answers as is appropriate thereto.

Rule 204 adds that "special verdicts . . . shall be in writing. . . . They shall be sufficient in form if they express the intent of the jury." Taken together, these two rules suggest the court has the discretion to direct such judgment as is appropriate to the intent of the verdicts, even if they appear inconsistent. The "verdict is not the signed document returned to the court but the actual agreement reached by the jury." *Prendergast v. Smith Laboratories, Inc.*, 440 N.W.2d 880, 883 (Iowa 1989).

From the answers given to questions five and six on the verdict form, we believe the trial court did not abuse its discretion in ordering an appropriate judgment instead of granting a new trial. Questions five and six answer the requirements of Iowa Code section 668.3(2)(a) and (b). The jury determined appellant's percentage of fault and the total amount of her damages. Question seven addresses the issues of setting off collateral source payments and subrogation addressed in Iowa Code section 668.14. See *Schonberger v. Roberts*, 456 N.W.2d 201 (Iowa 1990) and *Loftsgard v. Dorrian*, 476 N.W.2d 730 (Iowa App.1991) for a more complete explanation of the purpose and effect of section 668.14. There is no evidence in the record before us that appellant would suffer a double reduction from her recovery being reduced while she was still liable to repay her insurance company. The answer to question seven, therefore, does not affect the judgment of the court or its denial of a new trial.

## II. *Inadequate damage award.*

Appellant next asserts that the court should have ordered a new trial because the damages awarded were inadequate and inconsistent.

We first note our concern regarding the timeliness with which this issue was raised on appeal. Appellant in her brief asserts that it was preserved for review in:

> (1) Oral Motion to Recall the Jury and oral Motion for New Trial made during recorded proceedings of December 5, 1991; (2) Written Motion for New Trial and (3) Supplement to Motion for New Trial. The issue was decided by the trial court in its (a) ruling during proceedings of December 5, 1992, [sic] and (b) Order of March 31, 1992.

In her oral motion to recall the jury and oral motion for a new trial during the recorded proceedings of December 5, 1991, appellant does use the word "inconsistent," but defines it specifically to refer to the interrelationship between the medical bills awarded in question six and the reduction for medical insurance payments in question seven. No mention is made of the pain and suffering or whole body loss awards. When asked if appellant had anything else for the record, counsel responded "Nothing, Your Honor, except we would ask for a—either a judgment notwithstanding the verdict or mistrial at this time. . . ." The court responded that the written motion could be filed within ten days.

The written motion for a new trial on December 12, 1991, also uses the term "inconsistent," but only with reference to the jury's answer to question seven. No mention is made of the pain and suffering or full body awards. Nor does appellee address any inconsistency other than the answer to question seven in appellee's resistance to the motion for a new trial, suggesting appellee did not recognize that issue was being raised.

The first specific mention of the pain and suffering and full body awards occurs in appellant's supplement to the motion for an new trial on February 28, 1992—the day of oral arguments on the motion. The oral arguments are not in the record before us.

We do not find the court addressing the issue specifically in either its December 5, 1991, proceeding or its order of March 31,

1992, denying the motion for a new trial. No mention of any issue relating to the pain and suffering and full body awards occurs in the December 5, 1991, proceeding. The March 31, 1992, order clearly addresses only the issues of (1) the relationship between the answer to question seven and the answer to question six, and (2) taxing court costs.

However, because an argument can be made that appellant's use of the term "inconsistent" in the proceedings and motions encompasses this argument, and because we do not find any of our prior cases address this specific issue, we reach the merits.

Several principles relating to this issue emerge from our law. The jury, as finder-of-fact, has the ability to accept or reject testimony, even if it is uncontroverted. *Eickelberg v. Deere,* 276 N.W.2d 442, 447 (Iowa 1979); *Randall v. Mullen,* 164 N.W.2d 589, 591 (Iowa 1969). In ruling on motions for a new trial, the court has broad, but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). Normally, the jury decides the facts and the court should not set aside the verdict simply because the reviewing court would have reached a different decision. *Waddell v. Peet's Feeds, Inc.,* 266 N.W.2d 29, 32 (Iowa 1978). Damages awarded should be "commensurate with the injury, and be sufficient to right the wrong done to the injured party." *Yoch v. City of Cedar Rapids,* 353 N.W.2d 95, 99 (Iowa App.1984). "The test for adequacy is . . . what will fairly and reasonably compensate an injured party for the injury sustained." *Householder v. Town of Clayton,* 221 N.W.2d 488, 493 (Iowa 1974). The verdict need only bear a "reasonable relationship to the loss suffered" to be sustained. *Id.* A jury cannot reasonably award damages for medical bills without also awarding damages for some injury that necessitated the medical care. *Shewry v. Heuer,* 255 Iowa 147, 121 N.W.2d 529, 532–33 (1963).

Appellant urges us to extend the rule in *Shewry,* which required an award for pain and suffering if an award for medical expenses was made, to require an award for physical injury (loss of full body) if awards for medical expenses and pain and suffering are made. We decline to do so. On the record before us, we cannot say the court abused its discretion by refusing to grant a new trial even though the jury did not award any damages for loss of full body. The court has the discretion to determine that the jury verdict reasonably relates to and compensates for the loss suffered.

### III. *Incompetent evidence.*

Appellant finally asserts that the court erred in denying a new trial because it admitted incompetent evidence in making its decision on the motion for a new trial.

Iowa Rule of Evidence 606(b) limits a juror's testimony or affidavit about the validity of a verdict to the question of the influence of extraneous prejudicial information or outside influence. The supreme court has interpreted rule 606(b) to allow juror testimony that an error in recording the verdict was made or to support reforming a verdict which was inaccurately rendered even though facially consistent. *Prendergast v. Smith Laboratories, Inc.,* 440 N.W.2d at 883 (citing *Rutledge v. Johnson,* 282 N.W.2d 111, 114 (Iowa 1979) and *P.M. Lattner Mfg. Co. v. Higgins,* 196 Iowa 920, 195 N.W. 746 (1923)). The court stated that the "language [of rule 606(b)] does not suggest that juror testimony which aids in establishing that which was agreed upon by the jury is prohibited." *Prendergast,* 440 N.W.2d at 883. The court disallowed juror testimony, however, for purposes of impeaching the verdict. *Id.* at 884.

Based on the court's reasoning in *Prendergast,* we cannot say the trial court erred in considering the juror's affidavit. It was used to understand "that which was agreed upon by the jury." Even if we were to find that the court improperly considered the juror's affidavit, we would be forced to the same conclusion because the record is clear that the judge, in the December 5, 1991, proceeding, had reached the same conclusion on his own from the record before

him. The affidavit did not change the court's reasoning and judgment; it only confirmed them.

**AFFIRMED.**

HAYDEN, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurs).

I concur specially without opinion.