CLARA MARIE PYLE, Appellant, v. A. WAECHTER et al., Appellees.

**PARENT AND CHILD:** Custody and Services—Alienation of Affections. A mother may not maintain an action for damages for the alienation of the affection for her of her minor son, in the absence of an allegation that she has thereby been deprived of the custody and services of said minor.

Headnote 1: 29 Cyc. pp. 1680, 1681.

*Appeal from Marion District Court.*—W. S. COOPER, Judge.

NOVEMBER 23, 1926.

Action by a mother to recover damages for the alienation of the affections of a minor son. A demurrer to the petition was sustained, and from a judgment dismissing the petition the plaintiff appeals.—*Affirmed.*

*Johnson & Teter,* for appellant.

*George G. Gaass* and *Mabry & Mabry,* for appellees.

VERMILION, J.—The petition alleges that the plaintiff is the mother of Donald Waechter, who was born in lawful wedlock, and is now about seventeen years of age; that, for a period of more than ten years, "there has been a continuous, persistent, and concerted effort and conspiracy on the part of the defendants to poison the mind of said son" against plaintiff, and to destroy his natural filial regard, esteem, love, and affection for her; that, by "words, actions, and influence, the defendants have wrongfully, intentionally, and maliciously poisoned the mind of said son" against plaintiff, and have "wholly alienated his natural love and affection, esteem, and regard for her;" and that "said wrongful acts and influence were intended by said defendants to prevent the said son from having anything in common

with his mother, and to alienate him from her." It is further alleged that, as a result of the continuous, persistent, and concerted effort, both positive and negative, on the part of the defendants, the natural filial love, affection, esteem, and regard of the son for his mother have been wholly destroyed and alienated, and his mind so poisoned against her that he now considers and believes he has nothing in common with her, and has not now that proper respect, love, and affection for his mother to which by the law of nature she is entitled, and has now neither love and affection nor proper respect and regard for her.

The demurrer raises the question that the petition does not allege that the plaintiff was deprived of the custody, control, or society of her son, or of his services, and that, therefore, it does not state a cause of action.

It is conceded by counsel that no precedent is to be found in the books for the maintenance of this action. But it does not necessarily follow that the action cannot be maintained. It is universally recognized that the common law is not so rigid or inflexible but that it will reasonably grow and expand to meet the conditions of modern life. *Mentzer v. Western Union Tel. Co.*, 93 Iowa 752. And while, perhaps, its greatest growth and development have been in the field where it was called upon to meet the problems arising out of relationships more or less peculiar to the changed conditions of life and the perplexities of a complex civilization, undreamed of at the time its principles were established, yet there is also apparent the effect of modern thought in a more enlightened treatment of the natural relationships of men as they are affected by the life of today. *Oppenheim v. Kridel*, 236 N. Y. 156 (140 N. E. 227).

If the question be one arising out of, or affected by, conditions that were unknown when the doctrines of the common law had their beginning and acquired their sanction, it has ever been the boast of those peoples whose affairs it controls that the proper elaboration of its principles to meet those changed conditions will afford a solution. But where there has been no change or modification by statute of the doctrines of the common law affecting those purely natural relations of men which are unaffected by changed modes and conditions of life, the courts have been less free to depart from the rules that centuries of experience have sanctioned as all-sufficient.

It is said in *Davis v. Minor*, 2 U. C. Q. B. 464, that it is not decisive against the lying of an action "that no precedent of precisely such an action can be found, when the principle upon which it is governed is not new; but if the question seems a doubtful one, and the occasion for such actions must very frequently have arisen, then the absence of any precedent is a strong argument against the action."

The acts complained of here affect one of the natural relationships of life, and are such as both history and common experience tell us have been and are of not uncommon occurrence. The case is not one where the common law must keep pace with changing conditions of life and civilization, and must be adjustable to the new conditions brought about by discovery and invention. Many instances of its growth and development to meet such new conditions might be cited.

We have long recognized, and, indeed, it is conceded by appellees, that a parent who is entitled to the care, custody, and services of a minor child may, when he is deprived thereof by another, have a right of action therefor. In the early case of *Everett v. Sherfey*, 1 Iowa 356, this court, speaking by Justice Wright, said:

"That the father has a right to the care and custody of his minor children, and to superintend their education and nurture, is a proposition that does not admit of controversy. And where he is deprived of such care and custody, and of this superintendence, by the act of another, he has his remedy, by proper action, against such person, is equally clear. As it is the duty of the father to educate, protect, and nurture his children, so it is his right to have their society, their services, and the control of their moral and intellectual training."

We are now asked to go further, and beyond the holding of any adjudicated case that has been found, and announce that the mother, in the absence of any allegation that she has been deprived of either the services, custody, or companionship of her minor son, or even that she was entitled thereto,—unless that can be implied from the relationship itself,—states a good cause of action by alleging merely that his affections have been alienated from her by the wrongful acts of the defendants.

The injury complained of may be said to be purely sentimental. The mental anguish for which alone plaintiff seeks to

recover, results, so far as appears from the allegations of the petition, entirely from the alleged mental attitude of the son produced by the alleged wrongful acts of the defendants, and not from any outward manifestation of that attitude toward the plaintiff. There is no allegation that plaintiff was deprived of the services, custody, or control of her son, or of his assistance, association, or companionship. ' The son may never, under the allegations of the petition, have failed in the performance of any service or duty to which the plaintiff was entitled; he may never have been in the slightest degree remiss in rendering to her every service or attention in the way of companionship or association which the most exacting mother could expect. It is alleged, it is true, that the natural affection of the son for his mother has been destroyed, and that he believes he now has nothing in common with her. If we concede all that could be claimed for this, it is not an allegation that the son has in any respect failed in the actual performance of any natural duty or obligation to the plaintiff.

The question whether, in the absence of an allegation that plaintiff was entitled to the services, custody, or companionship of her son, she would be entitled to recover for the alienation of his affections, is not raised by the demurrer, and is, therefore, not directly involved. However, a brief consideration of the attitude of the courts toward the claim of a mother not entitled to the services of a minor child, to recover for mental suffering occasioned by the wrongful enticing away of the child, where she was thereby deprived of his companionship, will throw a sidelight on her right to recover for the alienation of his affections merely, and in the absence of more concrete injuries.

It is generally held that the father only, where he is alive and living with the mother, is entitled to recover for the loss of services of a minor child. See *Soper v. Igo, Walker & Co.,* 121 Ky. 550 (28 Ky. L. Rep. 519, 1 L. R. A. [N. S.] 362, and note in the latter publication); 29 Cyc. 1679. The mere allegation of the relationship of a son born in lawful wedlock does not show, in the absence of any averment of the termination in any way of the right of the father, a right in the mother to the services of their minor child. While the basis of the action of the father is the loss of services of the minor, he may also recover for injury to his feelings and the loss of the companionship of his child.

But it has been held that, in such a situation, the mother cannot maintain an action for *her* mental suffering caused by the enticing away of the child. *Soper v. Igo, Walker & Co.*, supra. The court there, speaking of such a claim, said:

"We have been unable to find any case where a mother has been permitted to recover where her husband was alive and residing with her. It is true, her suffering may be as great or greater than that of her husband in being separated from her child; but the law has never recognized her right to the services of the child, as against the right of the husband, so long as they are living together. It is contended that they both should be permitted to sue and recover,—the wife for her mental suffering, and the husband for loss of service and also mental suffering. This appears plausible; but the rule against it has existed for so long that it should not be changed, except by legislative enactment. If this court should sustain appellant's contention, and change the rule, and permit the appellant to recover in this action, it would, in effect, permit not only the mother, but the brothers and sisters, of the child each to recover damages for mental suffering and loss of companionship."

If a mother who suffers an injury in the loss of the companionship of her minor child may not recover for the mental anguish occasioned thereby, where the father is entitled to the services of the child, how can it be said that she may recover for the mere alienation of the affection of the minor, where she does not allege the loss of either his services or companionship? For, if the right of a parent to recover damages from one who entices his minor child away is, in the final analysis, based on the parent's right to the services, custody, and companionship of the child, it would seem plain that, where the parent alleges no loss of either services, custody, or association, no cause of action is stated.

And further, if the right of action is not fundamentally grounded upon the right of the parent to the services, custody, and control of the minor, and an action will lie for the mere alienation of the affections of the child, without the loss of either services, companionship, or control, we see no sound reason why either the minority of the child or even the presence of the parental relation is essential to a right of recovery.

The mental anguish suffered by a parent over the loss of the

affections of an adult son or daughter is not different in kind, nor necessarily so in degree, from that suffered in the case of a minor child. And, as pointed out in *Soper v. Igo, Walker & Co.*, supra, if the alienation of affections alone supports the action, brothers and sisters may recover. Surely no justification could be suggested, in the absence of precedent or controlling legal principle, for so extending the right to recover as for a tort, and the opening of such a Pandora's box of litigation.

It is argued that, because the law in certain cases allows a recovery of damages for mental anguish where there has been no physical injury, a good cause of action is stated in the petition. But this is not necessarily true. Broadly speaking, the law protects the individual in his person, his property, and his reputation; and in numerous instances, where his legal rights have been invaded and there has been a breach of a legal duty owed to him, he may recover for the injury to his feelings occasioned thereby. The basis for the action,—the right to maintain it,—is not to be confused with the damages that may be recovered when it is maintainable. Because damages for mental suffering are recoverable in certain cases, it does not follow that, in every instance where the act of one is the cause of mental anguish in another, an actionable wrong is committed. Where the right to maintain the action exists, the law permits a recovery of all the damages proximately resulting from the wrongful act. But because one entitled to maintain the action may suffer, and is allowed to recover for, an injury to his feelings, it does not necessarily follow that another, merely because he suffers similarly, may, for that reason alone, maintain an action. This was the ultimate point decided in *Soper v. Igo, Walker & Co.*, supra. One to whom a telegram announcing the death of a near relative is sent, may recover for the mental suffering resulting from a delay in its delivery; but who would contend that another, to whom the telegram was not addressed, and who was unknown to the telegraph company, although enduring the same suffering, would have a right of action against the company? Where a man is slandered or prosecuted maliciously, he may recover for the injury to his feelings. No one would deny that his wife or children may suffer mental anguish because of the unjust accusation against him, but would they, too, have a right of action against the one perpetrating the wrong? The right of action arises from the

breach of some duty owed to the injured party, or the invasion of some right; not merely from the fact that his feelings are injured by the act of another. If, as we think is the case, the right of the mother, conceding such right to exist in her, is to the services, custody, control, and companionship of her minor child, without an allegation that she has been deprived of some of these she states no cause of action.

Much is said in argument about the right of a parent suing for the seduction of a minor daughter to recover for injured feelings, disgrace, and humiliation, and it is urged that such an action is not based alone on the right to the services of the minor. That the action was originally so based must be conceded. *Stevenson v. Belknap*, 6 Iowa 97. It is an action brought by a parent for an injury to the child, and the jury may take into consideration all that the parent may feel from the nature of the loss. Nothing in the nature of that action or the measure of recovery aids the appellant here.

The nearest analogy to the claim made by the appellant is to be found in the right of one spouse to recover for the alienation of the affections of the other. The right of action in that case is based on the loss of the *consortium,* the conjugal society, and assistance of the spouse. It is a right which exists by virtue of the marriage relation, and is peculiar to it. There is nothing in the principles which underlie such an action, or the rules of law applicable to it, that will justify their application to the claim of a mother to recover for the alienation of the affection of a minor child where it is not alleged that she was deprived of the services, companionship, care, or custody of the child.

We conclude that the demurrer was properly sustained, and the judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.