**Robert A. WHEELER, individually, and Vernon Wheeler and Sandra Wheeler by Robert A. Wheeler, their father and next friend, and Wanda Wheeler, Wayne Wheeler, Brenda Hinderaker and Robert K. Wheeler, individually, Appellants,**

v.

**Dean LUHMAN, Appellee.**

No. 65714.

Supreme Court of Iowa.

May 13, 1981.

James C. Ellefson of Lundy, Butler & Lundy, Eldora, for appellants.

Harold N. Schneebeck, Jr., of Swift, Brown, Winick & Graves, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

McCORMICK, Justice.

We are asked to recognize a cause of action by children for alienation of the affections of a parent. The trial court refused to do so and sustained defendant's motion to dismiss the children's action. We affirm.

A preliminary question exists concerning whether the order of dismissal was an appealable final judgment because a separate count of the petition was not affected by the ruling. The remaining count is an action by the children's father in which he seeks recovery for the alienation of affections of his former spouse in his own right. We will assume, without deciding, that the order was interlocutory. Doing so, we grant the appeal pursuant to Iowa R.App.P. 1(c). *See Smith v. Korf, Diehl, Clayton & Cleverly,* 302 N.W.2d 137, 138–39 (Iowa 1981).

In *Pyle v. Waechter,* 202 Iowa 695, 210 N.W. 926 (1926), this court refused to recognize a cause of action in a parent for alienation of affections of a minor child. Just last month, in *Fundermann v. Mickelson,* 304 N.W.2d 790 (Iowa 1981), the court abrogated the right of recovery for alienation of the affections of a spouse. Under the reasoning in these cases, a majority of the court refuses to recognize a new cause of action by children for the alienation of the affections of a parent.

AFFIRMED.