**Warren REED, Individually and as Next Friend of Rachel Reed, a Minor, Plaintiff–Appellant,**

v.

**LINN COUNTY, Iowa, and Carol Currans, Defendants–Appellees.**

No. 86–1722.

Court of Appeals of Iowa.

April 20, 1988.

Hugh G. Albrecht of the Tom Riley Law Firm, Cedar Rapids, for plaintiff-appellant.

Richard A. Stefani of Gray, Stefani & Mitvalsky, Cedar Rapids, for defendant-appellee Carol Currans.

Gary P. Jarvis, Asst. Co. Atty., for defendant-appellee Linn County.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

The plaintiff appeals the district court rulings which: (1) granted the defendants' motion for summary judgment on the claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress, and (2) dismissed the claim of alienation of affection and interference with family relationships. Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. We affirm.

The plaintiff, Warren Reed, is the father of Rachel Reed. Warren is divorced from Rachel's mother, Linda Reed. In 1983 Linda feared that Rachel may have been sexually abused because Rachel had nightmares of Warren forcing her to participate in oral sex. Linda was directed to the defendant, Carol Currans, a sexual abuse investigator with the Linn County sheriff's department. Deputy Currans met with an investigator from the Iowa Department of Human Services, and with Linda and Rachel. Throughout Currans' investigation, no one, other than Warren, was identified as an individual that might have been responsible for the sexual abuse.

After completing her investigation, Deputy Currans discussed it with Lieutenant Dennis Blome of the Linn County Sheriff's Department. Deputy Currans' involvement with the case ended at that point. Lieutenant Blome took the investigation information to the county attorney's office. That office decided there was insufficient evidence to file a criminal charge, but did file a child in need of assistance (CHINA) action for Rachel, alleging she had been the victim of sexual abuse. The CHINA action was dismissed due to insufficient evidence.

Warren filed this action on behalf of himself and Rachel, asserting claims of malicious prosecution, abuse of process, interference with family relationships and alienation of affection, and intentional infliction of emotional distress. The district court dismissed for failure to state a claim, the allegation of interference with family relationships and alienation of affection. The district court then granted the defendants' motion for summary judgment on Warren's

remaining causes of action. This appeal followed.

### ■ I. MALICIOUS PROSECUTION.

Warren contends he did establish a claim of malicious prosecution concerning the CHINA action and therefore the district court erred in granting the defendants' motion for summary judgment. A party may move for summary judgment by showing that the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, present no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). The elements of an action for malicious prosecution are:

(1) a previous prosecution;

(2) instigation or procurement thereof by defendant;

(3) termination of the prosecution by an acquittal or discharge of plaintiff;

(4) want of probable cause; and

(5) malice in bringing the prosecution on the part of the defendant.

*Vander Linden v. Crews*, 231 N.W.2d 904, 905 (Iowa 1975). Since this is an action against a public official, the plaintiff must show that the defendant acted with "actual malice." *Id.* at 906. In discussing what constitutes actual malice, the Iowa Supreme Court stated:

> The element of actual malice essential to an action for malicious prosecution involving a defendant who is a public official cannot simply be inferred from a lack of probable cause, but must be the subject of an affirmative showing defendant's instigation of criminal proceedings against plaintiff was *primarily* inspired by ill-will, hatred or other wrongful motives. If the defendant's purpose in instigating proceedings was otherwise proper, the fact he felt indignation or resentment toward the plaintiff will not subject him to liability.

*Id.* at 906 (emphasis in original).

■ We do not believe the record shows any evidence of actual malice on the part of Deputy Currans or Linn County. Deputy Currans' actions were motivated by her duty to investigate a claim of sexual abuse brought to her attention. There has been no affirmative showing that Deputy Currans' actions were primarily inspired by ill-will, hatred or other wrongful motive.

Furthermore, the CHINA proceedings were not instigated or procured by the defendant. Rather, the county attorney's office was responsible for deciding to file the CHINA action. The assistant county attorney involved with this decision testified that he considered a recommendation made by a child abuse investigator from the Iowa Department of Human Services. The ultimate decision regarding whether to proceed with a criminal or CHINA action, or do neither, rested with the county attorney's office. Therefore, Deputy Currans and Linn County cannot be held liable for performing an investigation and relaying the resulting report to the county attorney's office for a decision on whether to file further proceedings. Accordingly, the district court correctly granted summary judgment due to the plaintiff's failure to establish a factual issue to support a malicious prosecution action.

### ■ II. ABUSE OF PROCESS.

Warren next claims that he established a claim of abuse of process. The elements of an abuse of process action are: (1) legal process; and (2) its use in an improper or unauthorized manner. *Tomash v. John Deere Indus. Equip. Co.*, 399 N.W.2d 387, 390 (Iowa 1987). As noted in the previous section, Deputy Currans did not instigate any legal action against Warren Reed. She therefore cannot be held to have abused the CHINA process when it was the county attorney's office that was responsible for the filing of the CHINA action. Deputy Currans' role in the entire matter was solely to investigate the child abuse accusation presented to her. Having found no factual evidence to support the elements of abuse of process, we conclude that the district court correctly granted the motion for summary judgment.

### ■ III. ALIENATION OF AFFECTION AND INTERFERENCE WITH FAMILY RELATIONSHIPS. Warren

also argues that the district court erred in dismissing that part of his petition alleging the defendants are liable for alienation of affection and interference with family relationships. The Iowa Supreme Court has refused to recognize either of these claims as a valid cause of action. *See Pyle v. Waechter*, 202 Iowa 695, 700, 210 N.W. 926, 928 (1926) (parent may not maintain action for alienation of affection of child in absence of allegation that she was deprived of custody and services of child); *Wheeler v. Luhman*, 305 N.W.2d 466, 467 (Iowa 1981) (refusing to recognize parent's cause of action for alienation of affections of minor child). The district court in the instant case therefore correctly dismissed these claims.

**IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** Warren's final allegation is that he made a sufficient showing of the elements of intentional infliction of emotional distress. The elements of this tort are:

(1) outrageous conduct by the defendant;

(2) the defendant's intentional causing, or reckless disregard of the probability of causing emotional distress;

(3) plaintiff has suffered severe or extreme emotional distress; and

(4) actual proximate causation of the emotional distress by the defendant's outrageous conduct.

*Tomash*, 399 N.W.2d at 392. For conduct to be "outrageous," it must be "so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community...." *Northrup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 198 (Iowa 1985). As we have stated earlier, Deputy Currans was not a participant in the filing of the CHINA action. Her only role was to investigate the allegation of sexual abuse. Her investigation was based on the accusations of sexual abuse made to her, her discussions with the Department of Human Services investigator and Linda and Rachel Reed, and a statement made by a friend of Linda Reed's. Nothing about Deputy Currans' actions exceeds "all possible bounds of decency" and therefore does not rise to the level of outrageous conduct. Accordingly, we affirm the district court's grant of a summary judgment.

AFFIRMED.