# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2434

_____

Gerald Lee Johnson; Shelly Johnson

*Plaintiffs - Appellants*

v.

Mike Moody, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: June 14, 2018
Filed: September 10, 2018

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

At the time in question, Gerald Johnson was a special education teacher at Roosevelt High School in Des Moines, Iowa. On December 4, 2015, Student C.P. alleged that Johnson had called her into his classroom the day before to discuss her grades and attendance issues and, during the meeting, locked the door and touched her inappropriately. On January 19, 2016, Johnson was charged in Iowa State Court with Sexual Exploitation by a School Employee and Assault with Intent to Commit

Sexual Abuse. See Iowa Code §§ 709.15(3)(a)(1), (5)(a), 709.11(3). After the state court suppressed evidence derived from school surveillance videos that had not been preserved, the prosecution dismissed the charges.

Johnson and his wife then filed this lawsuit in Iowa District Court against two members of the Des Moines Police Department who investigated C.P.'s allegation, Officer Mike Moody and Detective Brian Mathis; Des Moines Police Chief Dana Wingert; and the City of Des Moines, Iowa.[1] As relevant here, Plaintiffs assert 42 U.S.C. § 1983 claims against the officers individually and the City for violation of Johnson's Fourteenth Amendment substantive due process rights and Iowa state law claims of malicious prosecution, negligent hiring and supervision, respondeat superior, and loss of spousal consortium.

Defendants removed the action and promptly moved for summary judgment, relying primarily on asserted issues of law, qualified immunity and collateral estoppel. Plaintiffs filed a brief resisting summary judgment and requesting deferral of a ruling until the scheduled close of discovery some months later. Plaintiffs attached a Declaration of counsel under Rule 56(d) of the Federal Rules of Civil Procedure (formerly rule 56(f)) describing the discovery they "anticipated conducting." After hearing oral argument, the district court[2] entered a lengthy order granting summary judgment in favor of the individual defendants and the City and denying the request for additional discovery. Johnson v. Moody, No. 4:16-cv-449, Order (S.D. Iowa June 15, 2017). Plaintiffs appeal, arguing only that the district court abused its discretion by denying their request for time to conduct discovery

---

[1]Plaintiffs also asserted claims against Des Moines Public Schools defendants, which were dismissed and are not at issue, and a John Doe defendant who requires no additional discussion given our disposition of the appeal.

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

before granting summary judgment for the Defendants. Reviewing the denial of their Rule 56(d) request for abuse of discretion, we affirm. Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014) (standard of review).

## I. Background.

We will limit this section to the facts (taken in the light most favorable to Plaintiffs as summary judgment non-moving parties) and the portions of the extensive procedural history of the dispute that are relevant to the only issue on appeal, whether the district court abused its discretion in denying Plaintiffs' Rule 56(d) request for additional discovery.

**A. State Court Proceedings.** After C.P. made her allegation, Officer Moody and Detective Mathis interviewed C.P. and her mother, attempted to interview Johnson, viewed extensive surveillance videos of the school hallways on the day of the incident, and reviewed text messages from C.P. to a friend and to her mother. Their request that the school save all videos from that day was mishandled, and C.P. deleted her text messages before they were fully preserved. Only notes of the videos and screen-shot images of the text messages taken by Detective Mathis were preserved and available as evidence for the criminal proceedings; Johnson never viewed any portion of the video and reviewed only portions of the text messages.

Johnson moved to dismiss the charges, alleging that "the State intentionally and/or recklessly failed to preserve exculpatory video evidence that it knew was critical to Johnson's defense." After an evidentiary hearing at which Moody, Mathis, and others testified and were cross examined by Johnson's attorney, the state court denied the motion to dismiss because it did not find "any intentional destruction of exculpatory evidence by law enforcement," "any bad faith on the part of the police," nor "any actions by the police to intentionally and/or recklessly fail to preserve the exculpatory video evidence."

Johnson then moved to suppress the video and text message evidence, arguing that allowing the prosecution to admit only partial evidence would violate his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments by denying him the ability to refute the evidence against him. The state court suppressed the video evidence, concluding that allowing the State to present evidence the defendant was unable to review "would be grossly unfair" and would deprive the defendant of his right to meaningful cross-examination. It declined to suppress text messages that had been preserved. The court "reaffirm[ed] that the evidence was not lost due to any bad act on the part of law enforcement." The prosecution then dismissed the charges because "the State [did] not believe it [could] prove the Defendant's guilt beyond a reasonable doubt and [did] not believe it [was] appropriate to proceed with a trial at [that] time."

**B. District Court Proceedings.** Plaintiffs' Second Amended Complaint included detailed fact allegations asserting that Defendants "failed to conduct a proper investigation," negligently destroyed the school surveillance videos, and failed to preserve text messages before C.P. deleted them. The Complaint then asserted multiple claims against the City and Police Department Defendants. At issue here are:

- § 1983 claims that investigating officers Moody and Mathis provided the prosecutor "with misinformation, concealed exculpatory evidence, [] otherwise engaged in bad faith conduct that was actively instrumental in causing the initiation and continuation of the prosecution," and recklessly disregarded Johnson's constitutional rights "by failing to properly and sufficiently investigate [C.P.'s] false allegations" (Count I);

- § 1983 claims that Police Chief Wingert and the City are liable for Johnson's injuries because their policies and practices, including failure to train and supervise the investigators, caused the constitutional violations (Count II);

- Iowa state law claims that Officer Moody and Detective Mathis subjected Johnson to malicious prosecution without probable cause (Count III);[3] Chief Wingert and the City negligently hired, retained, and supervised Moody and Mathis (Count IV); the City is liable under the doctrine of respondeat superior for conduct and omissions of Moody and Mathis that caused Plaintiffs injuries (Count VII); and loss of spousal consortium resulting from the tortious actions alleged in Counts I, II, III, IV, and VII (Count IX).

Defendants removed the action to federal court and the district court denied Plaintiffs' motion to remand in August 2016. In late December, the court issued a Scheduling Order setting a discovery deadline of October 2, 2017. In January 2017, the City and Police Department Defendants filed a motion for summary judgment, arguing that the state court's findings of no bad faith or intentional destruction of exculpatory evidence were entitled to collateral estoppel preclusive effect. Therefore, they argued, Moody and Mathis are entitled to qualified immunity on the § 1983 claims of failure to investigate and concealing exculpatory evidence, and Plaintiffs cannot prove their § 1983 supervisory and state law claims as a matter of law. Defendants submitted extensive pleadings and other documents from the state court criminal proceedings with the motion.

Plaintiffs timely responded by filing their Brief Resisting Summary Judgment and Requesting Deferral of Ruling until the Close of Discovery. With this Brief, Plaintiffs filed counsel's Rule 56(d) Declaration, averring that if they were given the opportunity, they anticipated conducting the following discovery:

---

[3]Plaintiffs advised the district court that Count III asserted only a state law malicious prosecution claim. There is no clearly established federal constitutional claim of malicious prosecution. See Techn. Ordnance, Inc. v. United States, 244 F.3d 641, 650-51 (8th Cir. 2001).

a. Taking depositions of all of the named parties and questioning these individuals regarding, *inter alia*, their knowledge of exculpatory information in the criminal prosecution against Mr. Johnson; when the parties learned exculpatory information; how decisions were made to investigate the case; conformance with the governing policy; and their training and experience.

b. Obtaining the Des Moines Police Departments' [sic] policies governing sexual assault investigations, preservation of evidence, evaluation of exculpatory evidence, and communication processes.

c. Potentially retaining an expert(s) to opine on the standard of care for law enforcement and industry-accepted practices for preservation of evidence, investigation of sexual assault allegations, and communication of exculpatory evidence.

d. Obtaining communications sent or received by the named parties pertaining to the criminal prosecution against Mr. Johnson, including e-mail correspondence.

Plaintiffs' Brief argued that (i) Count 1 is not barred by collateral estoppel because the state court's bad faith finding was limited to the failure to preserve the surveillance videos, whereas Plaintiffs allege Defendants "provided misinformation, concealed exculpatory evidence, failed to investigate exculpatory evidence, and generally conducted a flawed investigation"; (ii) Defendants are not entitled to summary judgment based on the state court filings; and (iii) "Defendants' remaining arguments for summary judgment are premature." Plaintiffs' Statement of Additional Undisputed Facts addressed the collateral estoppel issue and Plaintiffs' intent to conduct discovery but presented no additional facts supporting their claims of bad faith investigation.

In granting summary judgment, the district court ruled -- without deciding the collateral estoppel issue -- that Moody and Mathis are entitled to qualified immunity

on Count I because Plaintiffs failed to demonstrate that the investigators violated Johnson's constitutional rights by a conscience-shocking failure to properly and sufficiently investigate C.P.'s false allegations. Plaintiffs' supervisory liability claims in Count II and respondeat superior claims in Count VII fail because Plaintiffs failed to establish the investigators' individual liability. The Count III malicious prosecution claims fail because "Plaintiffs present no dispute as to whether Officer Moody or Detective Mathis acted with malice or lacked probable cause." The Count IV claims fail for lack of proof of an underlying tort by the employee investigators. Count IX fails because Defendants are not liable to Johnson on any other claim. The district court then denied Plaintiffs' Rule 56(d) request, explaining:

> Plaintiffs fail to demonstrate the facts they seek in further discovery are essential or that the facts they seek exist. During Mr. Johnson's criminal trial, [he] deposed Detective Mathis as part of the criminal case. Officer Moody and Detective Mathis were examined and cross-examined during hearings on Mr. Johnson's Motion to Dismiss. The City Defendants' investigation has been closed since at least February 2016. Much of Plaintiffs' desired material represents "speculative hope" of finding evidence. "Mere speculation that there is some relevant evidence not yet discovered will never suffice." Plaintiffs fail to carry their burden under Rule 56(d) . . . . (citations omitted).

## II. Discussion.

"Although discovery need not be complete before a case is dismissed . . . . Rule 56[d] allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). To warrant time for additional discovery under Rule 56(d), Plaintiffs must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3)

that these sought-after facts are 'essential' to resist the summary judgment motion." Toben, 751 F.3d at 895 (quotation omitted). As the district court noted, "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." Id. (cleaned up). Our review of the district court's wide discretion in deciding a 56(d) motion is "very deferential." Id.

Here, the district court correctly identified the governing Rule 56(d) principles, so there was no error of law amounting to an abuse of discretion. In arguing the court abused its discretion, Plaintiffs emphasize that Defendants moved for summary judgment soon after removing the case and months before the scheduled close of discovery, and that Plaintiffs were entitled to a "full and fair opportunity" to discover circumstantial evidence within Defendants' possession relevant to their bad faith, knowledge, and intent after the threshold collateral estoppel issue was resolved.

Plaintiffs' argument ignores a critical procedural fact -- Defendants' summary judgment motion included a claim that the individual Police Department Defendants are entitled to qualified immunity from the § 1983 damage claims in Counts I and II. The Supreme Court has repeatedly emphasized that qualified immunity is an immunity from suit that should be resolved "at the earliest possible stage in litigation" to ensure that insubstantial damage claims against government officials are resolved "prior to discovery." Pearson v. Callahan, 555 U.S. 223, 231-32 (2009) (citations and quotations omitted). When plaintiff has asserted a § 1983 claim requiring proof of wrongful motive, and defendant asserts a pre-discovery claim of qualified immunity, the district court "may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive," "should give priority to discovery concerning issues that bear upon the qualified immunity defense," and has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598-600 (1998) (quotations omitted). "[I]f the defendant-official has made a properly supported [summary judgment] motion, the

-8-

plaintiff . . . must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Id. at 600.

To defeat a motion for summary judgment based on qualified immunity, the plaintiff must put forth facts showing that the officer's conduct violated a constitutional right, *and* that the right was clearly established at the time of the alleged misconduct. Pearson, 555 U.S. at 232; see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The district court has discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. Thus, when Defendants moved for summary judgment based on qualified immunity for Moody and Mathis, supported by their testimony at the state court suppression hearing and the state court's finding -- however limited -- of no bad faith, Plaintiffs were required to respond with affirmative evidence of bad faith if bad faith was an essential element of their Count I claims.

In Count I, Johnson alleged that his Fourteenth Amendment rights were violated by Defendants' reckless investigation of the allegations made against him by C.P., including their failure to investigate exculpatory evidence. To establish the alleged due process violation, Johnson must show that each individual defendant "intentionally or recklessly failed to investigate, thereby shocking the conscience." Akins v. Epperly, 588 F.3d 1178, 1184 (8th Cir. 2009) (quotation omitted). This is a question of law to which we apply a rigorous standard. "An officer's negligent failure to investigate inconsistencies or other leads is insufficient to establish conscience-shocking misconduct." Id. Rather, "[w]e have held that the following circumstances indicate reckless or intentional failure to investigate that shocks the conscience: (1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's innocence, (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." Id.

Here, in response to Defendants' qualified immunity motion, Plaintiffs presented no evidence tending to refute or contradict Defendants' strong evidence from the state court proceedings that their conduct in investigating C.P.'s serious allegation of sexual misconduct, however questionable or incomplete, was not conscious-shocking behavior as a matter of law. Rather, Plaintiffs asked the district court to defer ruling on qualified immunity until after they subjected Moody and Mathis to extensive, burdensome discovery. The district court did not abuse its discretion in denying this request, consistent with the teaching of Crawford-El v. Britton and other Supreme Court and circuit court precedents.

Based on the summary judgment record, the district court concluded, as Pearson v. Callahan expressly authorized, that Moody and Mathis were entitled to qualified immunity from the Count I claims, not simply because the law was not clearly established, but because their conduct in investigating did not violate Johnson's constitutional rights. This ruling was consistent with our decision in Akins v. Epperly, and Plaintiffs do not challenge it on appeal. Evidence that investigators ignored factual inconsistencies in the evidence, negligently failed to look into leads, and did not question the alleged victim's credibility is insufficient to establish that they investigated in a reckless, conscience-shocking manner.

Having determined that the individual Police Department Defendants are entitled to qualified immunity on Count I, the district court properly addressed the impact of this determination on Plaintiffs' other claims. The court dismissed the Count II supervisor liability claims against Chief Wingert and the City because the individual Defendants did not violate Johnson's constitutional rights. See A.H. v. St. Louis Cty., Mo., 891 F.3d 721, 728 (8th Cir. 2018). It dismissed the Count III claim for malicious prosecution because there is no evidence that Defendants Moody and Mathis lacked probable cause or that they maliciously brought the prosecution. See Reed v. Linn Cty., 425 N.W.2d 684, 686 (Iowa App. 1988). It dismissed the Count IV claim for negligent hiring, retention, and supervision for lack of proof of an

underlying tort by the employee investigators.  See Godar v. Edwards, 588 N.W.2d 701, 708-09 (Iowa 1999).  Under Iowa law, an employer has no respondeat superior liability "unless the employee is liable" for an underlying tort.  Dickens v. Associated Anesthesiologists, P.C., 709 N.W.2d 122, 125 (Iowa 2006).  Plaintiffs' Count IX loss of spousal consortium fails because Defendants are not liable as a matter of law on the other claims, so no additional discovery was warranted on this claim.  See, e.g., Bergfeld v. Unimin Corp., 226 F. Supp. 2d 970, 982-83 (N.D. Iowa 2002).

On this record, we agree with the district court that Plaintiffs made no Rule 56(d) showing that additional discovery would overturn these summary judgment rulings.  Plaintiffs did not request additional discovery focused on the qualified immunity issue.  The district court's determination that Plaintiffs presented no evidence refuting Defendants' showing of no bad faith or conscience-shocking investigation was essential in resolving the threshold qualified immunity issue.  And that determination proved to be fatal to all of Plaintiffs' claims against the City and the Police Department Defendants as a matter of law.  Plaintiffs requested time to conduct wide-ranging discovery into all aspects of the investigation and numerous Police Department policies.  But they made no showing (i) that any sought-after facts are essential to resist summary judgment on any of their claims, or (ii) that any such evidence actually exists.  Therefore, the district court did not abuse its discretion in denying Plaintiffs' Rule 56(d) request to defer its ruling until additional discovery was completed and in granting summary judgment dismissing all claims.

The judgment of the district court is affirmed.

_____